John Reich et al v. Texas Utilities Co., et al















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-218-CV

     JOHN REICH, ET AL.,
                                                                              Appellants
     v.

     TEXAS UTILITIES COMPANY, ET AL.,
                                                                              Appellees
 

From the 170th District Court
McLennan County, Texas
Trial Court # 94-3717-4
                                                                                                                

O P I N I O N
                                                                                                                

      John Reich and his wife Cindy appeal an order granting summary judgment in favor of Texas
Utilities Company (T.U.). They initially filed suit to recover for personal injuries sustained by
John when he hit a guy wire while riding his motorcycle on and around property owned by his
employer, Polansky’s Body Shop. The Reichs’ sole point of error complains that the trial court
erred in granting T.U.’s motion for summary judgment because there were issues of fact to be
tried to the jury. After a thorough review of the summary judgment evidence, we will affirm. 
  THE FACTS
      After work hours on January 22, 1993, Reich was riding his motorcycle on property leased
by Polansky’s Body Shop (Polansky’s). It is undisputed that he was driving the motorcycle for
his own personal use. While circling the premises, Reich hit an unmarked guy wire which
supported a utility pole owned by T.U. The Reichs’ suit alleges T.U. was negligent in failing to:
1) properly place the wire and pole; 2) comply with regulations, codes and ordinances related to
marking guy wires; and 3) paint the guy wire so as to be readily observable to the public. T.U.
filed a motion for summary judgment, which was granted.
THE EVIDENCE
      Reich testified by deposition that he had ridden his motorcycle by the wire on five or six
occasions prior to the day of the accident and had never hit it. He testified that he was on his own
time; he was not acting as an employee for Polansky’s. He stated that although he did not recall
making the statement, he could have told J.R. Lucas, a co-worker, that hitting the wire was a
stupid thing to do because he knew it was there. 
      Lucas testified that he had seen Reich ride a motorcycle in the same vicinity on several
occasions and that he witnessed the accident in question. He testified that he and Reich both rode
around that area and specifically around the wire. Lucas said that on more than one occasion he
and Reich talked about the existence of the wire; he told Reich to be careful, and Reich responded
that he knew it was there. On the day of the accident, Lucas testified, Reich rode his motorcycle
under the wire, ducking underneath it. He stated that Reich then turned his motorcycle around
to make another run, opened up the throttle, changed gears, and headed toward the wire. Lucas
estimated that Reich was driving 40 m.p.h. when he hit the wire. Lucas further testified that it
appeared Reich was distracted by two girls at a car wash just before he hit the wire.
      Mark Hardwick, an employee at Polansky’s, testified that after he heard the motorcycle stop,
Reich came around the building holding his stomach. He testified that Reich’s finger was dangling
from his hand. When he asked Reich what happened, Reich stated that he “just screwed up.” He
said Reich told him he hit the guy wire even though he knew it was there. He testified that at first
Reich refused to go to the hospital, but eventually did go. Hardwick testified that he had told
Reich and Lucas that the motorcycles were forbidden around the shop. He stated that he thought
they were loading them up to take them home. 
      In addition to the above depositions, T.U. offered the affidavit of Wayne Norman, a manager
for T.U., which stated that T.U. had no notice or knowledge of Reich’s activities at or near the
T.U. electric pole and guy wire. Furthermore, T.U. offered the affidavit of Charles Polansky,
in which he stated that no traffic of any kind was allowed to cross the vacant lots, with the
exception of a small golf cart used to drive between the body shop and the car wash. He testified
that there was an “alley,” which was an easement given to the city of West, and that the only
permissible traffic in that “alley” included those performing work for West, utility vehicles, and
those used in connection with the body shop. The operation of motorcycles on the vacant lots and
in the “alley” was forbidden at all times according to Polansky. Polansky stated that he
specifically told Reich on the day of the accident, prior to its occurrence, to remove his motorcycle
from the property and not to operate it on the property. Polansky testified that Reich not only did
not have permission to ride his motorcycle on the premises, but violated specific instructions not
to operate the motorcycle on the premises. 
      In response, Reich testified by affidavit that he had never ducked underneath the wire, nor had
he ever been forbidden to work on his motorcycle after business hours on the property. He stated
that he was not distracted by anything at the time that he hit the wire, but rather that he simply
could not see it. He stated that, although he was told to have the bike off the premises by the
following Monday, he was not told that he could not ride it on the premises, nor was he told to
go home right after business hours.
THE DISPUTE
      Reich claims that there are fact issues presented which should be tried to a jury. They are: 
A. Whether T.U. was negligent in failing to mark the guy wire, irrespective of whether it
had notice of the activity;
      B. Whether Reich was contributorily negligent in failing to avoid the wire;
      C. Whether T.U. was the possessor of the property on which the wire was located;
      D. Whether the negligence was a proximate cause of Reich’s injuries; and
      E. Whether Reich was a trespasser as to T.U.

                                     REICH’S STATUS AND T.U.’S DUTY
      Reich does not dispute that if he was a trespasser or a licensee as to T.U., then no duty was
breached. Instead he argues that, even if he was a trespasser as to Polansky, he was not a
trespasser as to T.U. He alleges that T.U. owed an ordinary duty of care to the public because
this wire was situated in a place where “others may have the right to go, either for work, business,
or pleasure.” Specifically, Reich relies on the existence of the “alley” which Polansky mentioned
in his deposition. This “alley,” argues Reich, is public property, and thus he could not have been
a trespasser or a licensee. We disagree. 
      The duty owed by a property occupier is dependent on the status of the complaining party. 
Smith v. Andrews, 832 S.W.2d 395, 397 (Tex. App.—Fort Worth 1992, writ denied). Whether
or not T.U. owns the property in question, it is undoubtedly an “occupier” of the premises. 
Furthermore, the summary judgment evidence indicates that the “alley” was not a public way, and
in fact, traffic could not travel along the “alley” even if attempted. It is uncontroverted that the
so-called “alley” was “blocked by a fence so that through traffic was impossible.” There is no
evidence that the guy wire and electric pole were in a place where “others may have the right to
go, either for work, business, or pleasure.” In fact, all evidence indicates just the opposite.
      Reich relies on a 1920 case from the Dallas Court of Civil Appeals, where the court held that
“if the guy wire was so situated with reference to the roadway as to be adjoining it and if its
situation with reference to the known general uses of the road were such that the appellant might
have foreseen, by the exercise of reasonable care, that some injury would result to persons
traveling the road if the wire were not shielded, then Athens Electric would be guilty of
negligence.” Athens Electric Light & Power Co. v. Tanner, 225 S.W. 421, 425 (Tex. Civ.
App.—Dallas 1920, no writ). He further relies on a South Dakota case which held that the utility
was required to exercise reasonable care for the protection of travelers as the result of the
proximity of the pole and guy wire to a county road and to passing traffic. Musch v. H-D Electric
Cooperative, Inc., 460 N.W.2d 149, 153 (S. D. 1990). Because the evidence shows that the area
referred to as an “alley” did not actually carry any type of traffic, these cases are not applicable. 
Furthermore, in each of those cases the complaining party was unaware of the wire’s existence
while the owner was fully aware of the dangerous condition around the wire. This is not the case
for Reich and T.U.; in fact, the summary judgment evidence shows the opposite is true.
      Because T.U.’s duty to Reich is directly related to his status at the time of the accident, we
must determine whether he was a trespasser, licensee, or invitee. A trespasser is one who enters
upon the property of another without any right, lawful authority, or express or implied invitation,
permission, or license, not in performance of any duties to the owner, but merely for his own
purpose, pleasure, or convenience. Mendoza v. City of Corpus Christi, 700 S.W.2d 652, 654
(Tex. App.—Corpus Christi 1985, writ ref’d n.r.e.); Rowland v. City of Corpus Christi, 620
S.W.2d 930, 933 (Tex. Civ. App.—Corpus Christi 1981, writ ref’d n.r.e.). The legal duty the
landowner owes a trespasser is only not to injury him willfully, wantonly, or through gross
negligence. Id. A licensee’s presence on the premises is for his own purposes, convenience,
benefit, or pleasure. Lower Neches Valley Authority v. Murphy, 536 S.W.2d 561, 562-63 (Tex.
1976); Smith, 832 S.W.2d at 397; Mendoza, 700 S.W.2d at 654-55. The duty owed a licensee
is that owed a trespasser plus a duty to warn of or make safe dangerous conditions actually known. 
Id. An invitee is one who has business relations with the owner at the time of the injury which
would render his presence of mutual aid to both of them. Rosas v. Buddies Food Store, 518
S.W.2d 534, 536-37 (Tex. 1975); Mendoza, 700 S.W.2d at 654. 
      It is apparent from the summary judgment evidence that Reich was not an invitee. He had
finished work and was test driving his personal motorcycle on a large vacant lot adjacent to the
body shop. Because there was nothing about Reich’s activity which was for the “mutual benefit”
of himself and the landowner, he could not have been an invitee.  He was never given permission
to ride his motorcycle on the property. 
      The evidence indicates that Reich was either a trespasser or, at most, a licensee. Under either
theory, the trial court was correct in granting the summary judgment. Reich does not claim, nor
was evidence presented to contend, that T.U.’s conduct was willful, wanton, or constituted gross
negligence. Thus, if Reich was a trespasser, which we believe he was, T.U. was not liable for
his injuries because it committed no grossly negligent acts or omissions.
      Even if Reich was a licensee, T.U. has no liability for his injuries. Reich argues that T.U.
failed to raise the issue that he was a licensee and, as a result, cannot bring this claim for the first
time on appeal. We find that the motion for summary judgment did raise the argument that Reich
was a licensee; thus, the summary judgment was properly granted on this ground. Specifically,
the summary judgment motion alleged:
      A.  T.U. had no knowledge of Reich’s activities;
      B.  The guy wire did not create an unreasonable risk of harm;
      C.  Reich knew of the wire prior to the accident; and
      D.  T.U.’s failure to warn of the existence of the wire was not a proximate cause of the
incident.

Whether Reich was a licensee is implicit in these allegations. Each of these grounds arise out of
Reich’s status as a licensee. In order for Reich to prevail as a licensee, he would have to prove
that: 1) T.U. had actual knowledge that the guy wire was situated as it was; 2) T.U. knew that
Reich (or someone of similar status) would ride his motorcycle around the guy wire; and 3) T.U.
failed to warn Reich and/or make safe the allegedly dangerous condition. Mendoza, 700 S.W.2d
at 655. Additionally, the motion alleged that Reich was a trespasser in a later, separate paragraph.
      As a matter of law, because the summary judgment motion raised these allegations and
because the evidence is uncontroverted as to the fact that Reich knew of the wire’s existence while
T.U. had no knowledge of the activities around the wire, Reich could not show that T.U. breached
any duty. Id. at 654. As a licensee, Reich’s claim against T.U. fails as a matter of law.
      Because T.U.’s summary judgement is supported by uncontroverted evidence, whether
Reich’s status was that of a trespasser or a licensee, the Reichs’ sole point is overruled. We affirm
the summary judgment.
 
                                                                   BILL VANCE
                                                                   Justice


Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Affirmed
Opinion delivered and filed December 3, 1997
Do Not Publish