It appears from the evidence that his salary and expenses under the terms of his employment were payable out of a fund to be created from the sale of construction bonds, in the absence of a maintenance fund, and he so understood when employed. Such being the contract, and the district having no maintenance fund at that time, a judgment in his favor could have provided at most for payment out of such fund.

Upon another trial under a similar state of facts judgment should be for plaintiff for such amount as accrued under his employments, and should provide for payment upon sale of the construction bonds out of the proceeds thereof.

It is apparent from what has been stated that Brady is not entitled to the issuance of a writ of mandamus to compel the levy and collection of taxes to provide for payment of a judgment in his favor. The judgment of the Court of Civil Appeals reversing and remanding the case is affirmed.

Opinion adopted by the Supreme Court March 25, 1936.

# APRIL, 1936

TEXAS-LOUISIANA POWER COMPANY V. R. B. WEBSTER ET AL.

No. 6564. Decided February 19 ,1936.
Rehearing overruled April 1, 1936.

TEXAS-LOUISIANA POWER COMPANY V. MRS. N. E. DANIELS.

No. 6565. Decided February 19, 1936.
Rehearing overruled April 1, 1936.
(91 S. W., 2d Series, 302.)