Troy A. **WEAVER**, Appellant,

v.

**KFC MANAGEMENT, INC.,** Appellee.

No. 05–87–00714–CV.

Court of Appeals of Texas, Dallas.

April 22, 1988.

Rehearing Denied May 27, 1988.

David M. Vereeke, Dallas, for appellant.

Joshua T. Kutchin, Dallas, for appellee.

Before HOWELL, LAGARDE and KINKEADE, JJ.

LAGARDE, Justice.

Appellant, Troy A. Weaver, appeals from a summary judgment in favor of appellee, KFC National Management, Inc. d/b/a Kentucky Fried Chicken (KFC). Weaver, in one point of error, argues that the trial court erred in granting summary judgment because KFC failed to establish as a matter of law that no fact issue stood in the way of summary judgment in its favor. We disagree with Weaver's contention. Conse-

quently, we affirm the judgment of the trial court.

During the morning of September 14, 1985, Weaver walked from his home to a nearby drugstore to make a purchase. While in route, Weaver walked across the parking lot of a Kentucky Fried Chicken Restaurant. As Weaver crossed the lot, he encountered an area approximately ten feet wide coated with chicken grease. Weaver slipped on the grease and fell.

KFC, as the movant for summary judgment, had the burden of establishing as a matter of law that there were no genuine issues of fact as to one or more of the essential elements of the asserted cause of action. *Lower Neches Valley Authority v. Murphy,* 536 S.W.2d 561, 563–564 (Tex. 1976). The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. *Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965).

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the non-movant will be accepted as true. *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984); *Farley v. Prudential Insurance Co.,* 480 S.W.2d 176, 178 (Tex. 1972). Every reasonable inference from the evidence must be indulged in favor of the non-movant and any doubts resolved in his favor.

■■■ KFC's duty to Weaver is determined by the status of Weaver as he entered the property of KFC. The occupier of a premises owes an invitee the duty of reasonable care. *Adam Dante Corp. v. Sharpe,* 483 S.W.2d 452, 454 (Tex.1972). The test to determine if an individual is upon the premises as an invitee is whether the person has business relations with the owner at the time of the injury which would render his presence of mutual aid to both. *Rosas v. Buddies Food Store,* 518 S.W.2d 534, 536 (Tex.1975). The summary judgment evidence in this case indicates that Weaver was taking a short-cut across

the KFC parking lot for his own purposes. The restaurant was closed at the time of the fall. Weaver, therefore, did not enjoy the status of an invitee.

■■■ A trespasser is one who enters property of another without any right, lawful authority or express or implied invitation, permission, or license, not in performance of any duties to the owner, but merely for his own purposes, pleasure or convenience. A possessor of land owes a trespasser the legal duty not to injure him willfully, wantonly, or through gross negligence. *Rowland v. City of Corpus Christi,* 620 S.W.2d 930, 933 (Tex.App.— Corpus Christi 1981, writ ref'd n.r.e.).

■■■ A licensee enters land of another with the permission of the landowner, but does so for his own convenience or on business for someone other than the owner. Consent to enter may be express or implied. *Texas–Louisiana Power Co. v. Webster,* 127 Tex. 126, 91 S.W.2d 302, 306 (1936); *Nixon v. Sipes,* 667 S.W.2d 223, 224 (Tex.App.—Texarkana 1984, writ ref'd n.r. e.). The duty owed by a proprietor or licensor to a licensee is not to injure willfully, wantonly, or through gross negligence. *State v. Tennison,* 509 S.W.2d 560, 562 (Tex.1974). An exception to this general rule is that when the licensor has knowledge of a dangerous condition, and the licensee does not, a duty is owed on the part of the licensor either to warn the licensee of the dangerous condition or to make the condition reasonably safe. *Tennison,* 509 S.W.2d at 562.

In this case, Weaver has not alleged that KFC acted willfully, wantonly or with gross negligence. Therefore, even if we assume that Weaver came upon the land of KFC as a licensee, KFC's duty to warn or make safe would arise only if the summary judgment evidence shows that KFC had knowledge of the hazard and the risk and Weaver did not. *See Mendoza v. Corpus Christi,* 700 S.W.2d 652, 654 (Tex.App.— Corpus Christi 1985, writ ref'd n.r.e.).

■■■ A licensee is imputed with knowledge of those conditions perceptible to him, or the existence of which can be inferred

from facts within his present or past knowledge. *See Lower Neches Valley Authority v. Murphy*, 536 S.W.2d 561, 564 (Tex.1976).

We must now examine the summary judgment evidence to determine whether it establishes either Weaver's actual or imputed knowledge of the hazard. Weaver's deposition reveals the following:

Q. Describe the fall for me, if you would. What happened?

A. [WEAVER] The driveway was wet and slick, both feet slipped out from under me at the same time.

Q. You say the driveway was wet and slick. Did it have a visual appearance to it?

A. Yeah.

Q. Tell me what you saw.

A. White grease.

Q. And this white grease was all over that area?

A. Right.

Q. Was it in one particular line or batch or how broad an area are we talking about?

A. About ten-foot wide.

Q. So you've got a ten-foot by thirty-five foot wide area of yellow/white grease in the back of Kentucky Fried Chicken and that's what you fell in?

A. Yeah.

Q. Do you know or did you happen to see where this grease came from?

A. No.

Q. Is it of such a nature that if I was back there—or the employees of Kentucky Fried Chicken could have seen it if they were back there?

A. Yeah.

Q. It's easily visible if you walked upon it and saw it?

A. It sure was.

Q. What's the color of the pavement back there?

A. It was black.

Q. It was black pavement, asphalt type pavement?

A. Right.

Q. What you described is a yellow/white type grease on it.

A. Right.

Q. That's visible to anybody who stood back there?

A. Right.

Q. But you're telling me you didn't see it before you stepped in it?

A. No, I didn't.

Q. Do you know why you didn't?

A. I wasn't looking for grease.

Q. Were you looking at the ground you were walking on?

A. Yeah.

Q. So you're telling me an employee of Kentucky Fried Chicken could have been able to see it real easy, but you didn't see it walking back there?

A. Nope. Because I wasn't looking for it.

While the evidence does not establish actual knowledge, it does establish that the hazard was easily perceptible. We hold that this is enough to relieve KFC of the duty to warn. While the authorities are not entirely consistent in their statements of the rule, we have found none that would impose a duty to warn in a situation, like the present, in which the conspicuousness of the risk is so clearly established.

The summary judgment evidence establishes, as a matter of law, that KFC had no duty to warn Weaver. As a result there is no material issue of fact raised in the summary judgment proof as to this essential element of Weaver's cause of action.

The judgment of the trial court is AFFIRMED.