Lee **PAYNE**, Appellant,

v.

**CINCO RANCH VENTURE, T.M.C. Cinco, Inc., and Atlas Realty Company, Appellees.**

No. 01–91–00082–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 16, 1992.

**365**

Rudy Gonzales, Houston, for appellant.

Carla Bennett, Houston, for appellees.

Before TREVATHAN, C.J., and COHEN and O'CONNOR, JJ.

## OPINION

COHEN, Justice.

Lee Payne was rendered a quadriplegic in 1986 due to a diving accident. Payne broke his neck when he dove into a rice pool on Cinco's land. Payne sued appellees (Cinco), alleging his injuries were caused by their gross negligence in allowing a dangerous condition to exist on their property. The trial court granted summary judgment for Cinco.

Payne asserts the trial court erred in granting summary judgment because Cinco did not prove, as a matter of law, that it was not grossly negligent. Cinco had to prove there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c). In reviewing this summary judgment, all doubts about the existence of a genuine fact issue are resolved against Cinco. *Roskey v. Texas Health Facilities Comm'n,* 639 S.W.2d 302, 303 (Tex.1982). We take as true all evidence and reasonable inferences favorable to Payne, and we resolve all reasonable doubts in his favor. *Continental Casing Corp. v. Samedan Oil Corp.,* 751 S.W.2d 499, 501 (Tex.1988). Cinco can win only if it conclusively disproved at least one element of Payne's cause of action. *Southwest Indus. Import & Export, Inc. v. Borneo Sumatra Trading Co.,* 666 S.W.2d 625, 627 (Tex.App.— Houston [1st Dist.] 1984, writ ref'd n.r.e.). Otherwise, it is not entitled to a summary judgment. *Griffin v. Rowden,* 654 S.W.2d 435, 436 (Tex.1983).

Cinco moved for summary judgment on two grounds. First, Cinco claimed it owed Payne no duty because he was a trespasser. Second, Cinco contended it owed Payne no duty because the rice pool was solely controlled by an independent contractor. We hold that summary judgment was not proper on either ground.

Cinco relies on TEX.CIV.PRAC. & REM.CODE ANN. § 75.002[1] which provided in 1986 that when an owner lets a person enter his land for recreation, the owner owes that person only the care that is owed to a trespasser. Thus, Cinco contends Payne must be treated as a trespasser, even if he had permission to enter. Even if we treat Payne as a trespasser, Cinco cannot prevail because it did not conclusively prove it carried out its duty to Payne as a trespasser, i.e., that it did not injure him through gross negligence.

Even trespassers are owed a duty by landowners. The landowner has a duty not to injure a trespasser willfully or through

---

**1.** Act of June 16, 1985, 69th Leg., R.S., ch. 959, sec. 1, 1985 Tex.Gen.Laws 3242, 3299, *amended*

*by* Act of ——, 71st Leg., R.S., ch. 62, sec. 2, 1989 Tex.Gen.Laws ——, ——.

gross negligence. *Texas–Louisiana Power Co. v. Webster,* 127 Tex. 126, 133, 91 S.W.2d 302, 306 (Tex.1932); *Weaver v. KFC Management, Inc.,* 750 S.W.2d 24, 26 (Tex.App.—Dallas 1988, writ denied). Payne alleged Cinco injured him through its gross negligence. Cinco had no summary judgment proof to conclusively disprove Payne's gross negligence contention. Specifically, Cinco never proved it did not know the danger the pool presented to swimmers. Cinco's manager testified he did not know people swam there, but Payne presented evidence that, on the day of the accident, an unidentified man who claimed to work for the owners granted Payne permission to swim, and saw the accident occur. We must take this evidence as true. This presents a fact issue regarding whether Cinco's unidentified agent at the scene knew of the hazard to Payne. Moreover, Cinco presented no evidence that a reasonable landowner who knew Payne swam there would not have realized the risk created. *Williams v. Steves Indus., Inc.,* 699 S.W.2d 570, 573 (Tex.1975).

Nor is the independent contractor defense valid. The contract Cinco relied on to prove that relationship ended on December 31, 1985, long before this accident. Cinco did not prove any contract was in effect when Payne was hurt.

The sole point of error is sustained.

The judgment is reversed, and the cause is remanded.