COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




GRACIELA WONG,

                            Appellant,

v.


TENET HOSPITALS LIMITED, A
TEXAS LIMITED PARTNERSHIP
D/B/A PROVIDENCE MEMORIAL
HOSPITAL,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-04-00337-CV

Appeal from the

120th District Court

of El Paso County, Texas 

(TC# 2003-2246) 





O P I N I O N

           This is an appeal from a no-evidence summary judgment granted in favor of Appellee,
Tenet Hospitals Limited (“Tenet Hospitals”) in an underlying premises liability lawsuit filed
by Appellant, Graciela Wong. We affirm the judgment of the trial court.
I. PROCEDURAL BACKGROUND
           The summary judgment evidence established that on or about December 26, 2001,
Appellant went to visit her mother, a patient at Providence Memorial Hospital. Instead of
parking in the Providence parking lot, Appellant parked along the curb on Hague Street
next to the hospital. She exited the vehicle and walked across the landscaped area to
reach the sidewalk. Appellant alleges she tripped over a bush sticking about one to two
feet out of the ground and sustained injuries to her back and hands. There is no direct
evidence on the record indicating whether she tripped on a bush or on the rocks, but
rather Appellant indicated that what else could she think other than she tripped on the
bush since she did not see it.
           On May 30, 2003, Appellant filed her lawsuit, filing an amended original petition
on July 2, 2003. Appellant alleged that the injuries and damages she suffered were the
proximate cause of Tenet Hospitals’ negligence and the negligence of its agents and
employees. Specifically, Appellant alleged that Tenet Hospitals created an unsafe
condition, failed to warn her of the dangers, failed to adequately protect pedestrians from
the dangerous condition, allowed the unsafe condition to remain without repair, cut the
bush to a stump, and failed to remove the stump. Tenet Hospitals answered and
subsequently filed a no-evidence motion for summary judgment on July 22, 2004. First,
Tenet Hospitals alleged that Appellant’s status at the time and location of the injury was a
trespasser and she was required to and failed to introduce any evidence showing that
Tenet Hospitals willingly, wantonly, or by gross neglect caused her injury. Alternatively,
Tenet Hospitals argued that if it is determined that Appellant was a licensee, the evidence
establishes that the alleged hazard which caused Appellant’s injuries was easily
perceptible, relieving Tenet Hospitals of any duty to warn of the alleged hazard. In
support of its motion, Tenet Hospitals attached the oral deposition of Appellant, Graciela
Wong, Troy Glover, administrative director of facility services, and groundskeepers for
Tenet Hospitals, Florencio Ceballos and Antonio Granados.
           On August 25, 2004, without specifying the grounds upon which it relied, the trial
court signed an order granting Tenet Hospitals’ motion for summary judgment on all of
Appellant’s claims. Appellant filed a motion for new trial on September 23, 2004,
arguing that the summary judgment was improperly granted because a fact issue was
raised as to the status of Appellant; a fact issue exists as to whether the dangerous
condition was perceptible to Appellant; a fact issue exists as to whether Tenet Hospitals
had actual knowledge of a condition on its premises that presented an unreasonable risk
of harm to Appellant; a remnant of the shrub did not constitute an unreasonably
dangerous condition; and a fact issue exists as to whether Tenet Hospitals breached its
duty not to injure Appellant through gross negligence. Appellant’s motion for new trial
was overruled by operation of law. This appeal follows.
II. DISCUSSION
           On appeal, Appellant raises three issues in which she alleges that summary judgment
was improperly granted because a fact issue existed as to (1) her status at the time of the
incident; (2) whether the distressed bush constitutes an unreasonable risk of harm; (3)
whether Tenet Hospitals breached its duty to not injure her through gross negligence.
A. Standard of Review
           After an adequate time for discovery, the party without the burden of proof may,
without presenting evidence, move for summary judgment on the ground that there is no
evidence to support an essential element of the nonmovant’s claim or defense. Tex. R. Civ.
P. 166a(i). A no-evidence summary judgment is essentially a pretrial directed verdict, and
we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment
as we apply in reviewing a directed verdict. Wyatt v. Longoria, 33 S.W.3d 26, 31 (Tex.
App.--El Paso 2000, no pet.). The motion must specifically state the elements for which
there is no evidence. Tex. R. Civ. P. 166a(i); Johnson v. Brewer & Pritchard, P.C., 73
S.W.3d 193, 207 (Tex. 2002). The burden then shifts to the nonmovant to produce evidence
raising a fact issue on the challenged elements. Tex. R. Civ. P. 166a(i). We review the
evidence in the light most favorable to the party against whom the no-evidence summary
judgment was rendered. Johnson, 73 S.W.3d at 197; Morgan v. Anthony, 27 S.W.3d 928,
929 (Tex. 2000). If the nonmovant brings forward more than a scintilla of probative
evidence that raises a genuine issue of material fact, then a no-evidence summary judgment
is not proper. Moore v. K Mart Corp., 981 S.W.2d 266, 269 (Tex. App.--San Antonio 1998,
pet. denied). If the evidence supporting a finding rises to the level that would enable
reasonable, fair-minded persons to differ in their conclusions, more than a scintilla of
evidence exists. Miller v. Elliott, 94 S.W.3d 38, 42 (Tex. App.--Tyler 2002, pet. denied). 
Less than a scintilla of evidence exists when the evidence is so weak as to do no more than
create a mere surmise or suspicion of fact, and the legal effect is that there is no evidence. 
Id. at 42-43. Where the trial court has granted summary judgment without stating the
grounds for doing so, as here, we must consider all grounds for judgment presented in the
motion and affirm if any has merit. Browning v. Prostok, 165 S.W.3d 336, 344 (Tex. 2005).
B. Appellant’s Status 
           In Issue No. One, Appellant argues that a material fact exists as to whether she was
a trespasser, licensee, or invitee at the time the accident occurred. Appellant argues that she
was an invitee because she would tend to her mother’s needs lessening the burden on the
doctors, nurses, and other hospital personnel of making her mother comfortable and content. 
In so doing, Appellant asserts she was conferring a benefit to Tenet Hospitals. Additionally,
she would patronize the snack bar, the vending machines, and the gift shop on the premises. 
She argues that such evidence established that she was on the premises with Tenet Hospitals’
permission and for the mutual benefit of both parties, thus making her status of an invitee. 
Moreover, Appellant contends that the summary judgment evidence was lacking any proof
that Tenet Hospitals was not aware or did not reasonably anticipate that hospital visitors
would take the shortcut through the landscaped area to reach the sidewalk.
           Tenet Hospitals contends that Appellant was not an invitee, but rather that her status
was that of a trespasser because she lacked any lawful right to “wander through the bushes
of the Hospital’s landscaped area” where the accident occurred. Tenet Hospitals discounts
the possibility of Appellant being a licensee by stating that Appellant presented no evidence
that she had Tenet Hospitals’ express or implied permission to wander through the
landscaped area and further, that she chose to ignore the sidewalk and walk through the
landscaped area as a shortcut. Tenet Hospitals also negates Ms. Wong’s status as an invitee
by pointing out that there was no evidence of any mutual benefit to either party. Even
assuming that using the snack bar, vending machines, and gift shop conferred benefit to the
Hospital, Tenet Hospitals points to the fact that at the time of the injury, Appellant was out
in the landscaped area and argues that a person can be an invitee in one part of the premise
and a trespasser in another.
           To prevail on its motion for summary judgment, Tenet Hospitals must conclusively
negate one of the essential elements of each of Appellant’s claims for negligence. Anderson
v. Snider, 808 S.W.2d 54, 55 (Tex. 1991). The common-law duty of negligence consists of
three essential elements: (1) a legal duty owed by one person to another, (2) a breach of that
duty; and (3) damages proximately resulting from the breach. Greater Houston Transp. Co.
v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990); Montes v. Indian Cliffs Ranch, Inc., 946
S.W.2d 103, 105 (Tex. App.--El Paso 1997, writ denied). The duty owed by a premise owner
or occupier is determined by the status of the plaintiff at the time and place of the injury. See
Rosas v. Buddie’s Food Store, 518 S.W.2d 534, 536 (Tex. 1975); see also Graham v. Atlantic
Richfield Co., 848 S.W.2d 747, 751 (Tex. App.--Corpus Christi 1993, writ denied). Here,
the parties dispute the status of Appellant at the time the incident occurred. We therefore
begin with determining Appellant’s status at the time and place of the incident.
           An invitee is a person who enters the premise of another at the express or implied
invitation from the owner or occupier for their mutual benefit. Peerenboom v. HSP Foods,
Inc., 910 S.W.2d 156, 161 (Tex. App.--Waco 1995, no writ). The owner or occupier owes
an invitee the duty to keep the property safe and must use reasonable care to protect the
invitee from reasonably foreseeable injuries. Rosas, 518 S.W.2d at 537. An invitee is under
a duty to exercise reasonable care for his own self-protection against dangers of which he
knows or ought to know. M.D. Anderson Hosp. & Tumor Inst. v. Felter, 837 S.W.2d 245,
248-49 (Tex. App.--Houston [1st Dist] 1992, no writ) (citing Camp v. J.H. Kirkpatrick Co.,
250 S.W.2d 413, 417 (Tex. Civ. App.--San Antonio 1952, no writ)).
           A licensee is a person privileged to enter and remain on the premises of another by
express or implied permission of the owner, and not by any express or implied invitation. 
Peerenboom, 910 S.W.2d at 163; Texas-Louisiana Power Co. v. Webster, 127 Tex. 126, 91
S.W.2d 302, 306 (1936). A lower standard of care is due to a licensee. The duty a property
owner owes a licensee is the duty not to injure the licensee through willful, wanton, or
grossly negligent conduct or to make safe a dangerous condition of which the owner is
aware. State Dep’t of Highways & Pub. Transp. v. Payne, 838 S.W.2d 235, 237 (Tex. 1992). 
A landowner or occupier is liable to a licensee only if the owner or occupier has actual
knowledge of the condition that injured the plaintiff. City of El Paso v. Zarate, 917 S.W.2d
326, 331 (Tex. App.--El Paso 1996, no writ).
           “A trespasser is one who ‘enters upon the property of another without any right,
lawful authority, or express or implied invitation, permission, or license, not in the
performance of any duty to the owner . . . but merely for his own purposes, pleasure or
convenience’ . . . .” Id. at 330 (citing Texas-Louisiana Power Co. v. Webster, 127 Tex. 126,
91 S.W.2d 302, 304 (1936) (quoting 45 C.J. 740)). A landowner or premises occupier owes
a trespasser only the duty not to injure him willfully, wantonly, or through gross negligence. 
Weaver v. KFC Management, Inc., 750 S.W.2d 24, 26 (Tex. App.--Dallas 1988, writ denied).
           A person can enter property as an invitee or licensee and become a trespasser as to
another part of the property. Peerenboom, 910 S.W.2d at 161. The status of an invitee or
licensee, who has permission to be on part of the premises, decreases to that of a trespasser
when she makes an unforseen departure to another part of the premises uninvited. Id. 
However, an invitee or licensee does not become a trespasser if the owner can reasonably
foresee that the invitee or licensee will use part of the premises without permission or for a
purpose other than the one permitted. Id.
           Reviewing the summary judgment evidence in the light most favorable to the
nonmovant and disregarding all contrary evidence and inferences, the record indicates that
Appellant was at the hospital to visit her mother, a visit clearly for her sole purpose and
benefit. There is no evidence that Appellant was at the hospital for the purpose of
conducting business with Tenet Hospitals. Furthermore, at the time the alleged incident
happened, Appellant was walking through the landscaped area located between Hague Street
and the sidewalk on the side of the hospital. Appellant, therefore, did not enjoy the status of
an invitee.
           An invitee or licensee does not become a trespasser if the owner can reasonably
foresee that the invitee or licensee will use part of the premises without permission, or for
a purpose other than the one permitted. See Peerenboom, 910 S.W.2d at 161 (citing see
Fisher Constr. Co. v. Riggs, 320 S.W.2d 200, 205-06 (Tex. Civ. App.--Houston 1959)
(general contractor should reasonably anticipate that employees of its subcontractors might
take a shortcut through store space), rev’d on other grounds, 160 Tex. 23, 325 S.W.2d 126
(1959)). The summary judgment evidence further shows that Tenet Hospitals knew people
would park on the street and use the landscaped area to get to the sidewalk. As Appellant
points to, Mr. Ceballos’s testimony indicated that he was aware of people that would cross
through the landscaped area to reach the sidewalk. Therefore, we find that a fact issue did
not exist as to the status of Appellant at the time of the injury. The evidence indicates that
Appellant was at best under these specific circumstances, a licensee. We therefore overrule
Issue No. One.
C. Unreasonable Risk of Harm
           In Issue No. Two, Appellant asserts that there is more than a scintilla of evidence that
Tenet Hospitals had actual knowledge of a condition on its premises that presented an
unreasonable risk of harm. Tenet Hospitals asserts that this condition was not an
unreasonably dangerous condition and further, that it was easily perceptible to Appellant. 
Tenet Hospitals contends that as a matter of law, the one-foot high distressed bush located
in a row of other bushes in the landscaped area does not pose an unreasonable risk of harm. 
The issue is whether the distressed shrub in the landscaped area posed an unreasonable risk
of harm.
           In support of its argument, Tenet Hospitals cites to M.O. Dental Lab v. Rape, 139
S.W.3d 671 (Tex. 2004) to make an analogy of the facts in this case to those of M.O. Dental
Lab. In M.O. Dental Lab, the Court held that mud on the concrete slab outside of a dental
office was not a condition that posed an unreasonable risk of harm to pedestrians. M.O.
Dental Lab, 139 S.W.3d at 676 (stating “The ordinary mud found on the concrete slab
outside of the M.O. Dental Lab accumulated due to rain and remained in its natural state;
thus, as a matter of law, it was not a condition that posed an unreasonable risk of harm to
Rape necessary to sustain her premises liability action.”). We disagree with Tenet Hospitals’
contention. In the case before us, the distressed shrub was not in its natural state as was
asserted about the condition of the mud in M.O. Dental Lab. See id. In M.O. Dental Lab,
the mud was naturally accumulating, whereas in this case, Tenet Hospitals specifically
planted the shrubs as part of their landscaping scheme. There was no evidence regarding the
reason the bush was in a distressed state. In that regard, we do not agree with Tenet
Hospitals’ assertion that the demise of the plant was nothing more than a natural condition. 
The analogy Tenet Hospitals attempts to make that the shrub in this case is the same as the
mud on the “man-made concrete slab” fails. Furthermore, Mr. Ceballos testified that he cut
the shrub and was attempting to revive it. Even if Tenet Hospitals’ assertions regarding the
bush being a natural condition were correct, we are mindful of our opinion in Furr’s, Inc. v.
Logan, 893 S.W.2d 187, 189 (Tex. App.--El Paso 1995, no writ), where we held that
Brownsville Navigation District v. Izaguirre, 829 S.W.2d 159 (Tex. 1992) does not purport
to hold that a natural condition can never be the basis of a premises liability claim.
           A condition presenting an unreasonable risk of harm is one in which there is such a
probability of a harmful event occurring that a reasonably prudent person would have
foreseen it or some similar event as likely to happen. Reliable Consultants, Inc. v. Jaquez,
25 S.W.3d 336, 341 (Tex. App.--Austin 2000, pet. denied) (quoting Seideneck v. Cal
Bayreuther & Assocs., 451 S.W.2d 752, 754 (Tex. 1970)). Foreseeability in this context
“does not require that the exact sequence of events that produced an injury be foreseeable.” 
County of Cameron v. Brown, 80 S.W.3d 549, 556 (Tex. 2002). Instead, only the general
damage must be foreseeable. Id.
           The determination of whether a particular condition poses an unreasonable risk of
harm is generally fact specific. In general, reasonableness determinations are highly fact
intensive and involve issues well suited for a jury. See Reliable Consultants, Inc., 25 S.W.3d
at 342. There is no definitive, objective test that may be applied to determine whether a
specific condition presents an unreasonable risk of harm. See Seideneck, 451 S.W.2d at 754. 
           Under the facts of this case, the shrub was approximately one to two feet tall and
located in a row of other larger green bushes. Appellant testified that she assumed she was
looking down when she first stepped from the street onto the curb, but that she did not see
the shrubs between the curb and the sidewalk. However, Appellant did see the row of green
bushes equally spaced apart, which comprised part of the landscaped scheme. The summary
judgment evidence contains nothing more with respect to the issue of the shrub being an
unreasonably dangerous condition. This evidence does nothing more than present a mere
speculation and does not rise to the level of more than a scintilla of evidence. We find that
the shrub was not an unreasonably dangerous condition for which Tenet Hospitals may be
held liable as a matter of law. See Johnson County Sheriff’s Posse, Inc. v. Endsley, 926
S.W.2d 284, 287 (Tex. 1996).
D. Condition Easily Perceptible to Appellant
           Furthermore, Tenet Hospitals asserts that the bush was easily perceptible to Appellant
and therefore, it did not have a duty to Appellant. It is well-settled law that the duty owed
to a proprietor or licensor to a licensee is not to injure him by will, wanton, or through gross
negligence. State v. Tennison, 509 S.W.2d 560, 562 (Tex. 1974). An exception to this
general rule is that when the licensor has knowledge of a dangerous condition, and the
licensee does not, a duty is owed on the part of the licensor either to warn the licensee of the
dangerous condition or to make the condition reasonably safe. Id. If the licensee has the
same knowledge about the dangerous condition as the licensor, then no duty to the licensee
exists. Wal-Mart Stores, Inc. v. Miller, 102 S.W.3d 706, 709 (Tex. 2003). Further, a licensor
owes no duty to warn a licensee or make the condition reasonably safe if the evidence
conclusively established that the licensee perceived the alleged dangerous condition. See id.
           To support its assertions, Tenet Hospitals relies on Weaver v. KFC Mgmt Inc., 750
S.W.2d 24, 26 (Tex. App.--Dallas 1988, writ denied). In Weaver, the plaintiff was cutting
across the restaurant’s parking lot on his way to the drugstore when he fell on some chicken
grease that covered an area approximately ten feet wide. Id. Mr. Weaver testified that the
grease would have been seen by the restaurant employees, that it was a yellow/white color
on the black asphalt, and that it would have been visible to anybody. Id. at 27. However,
prior to falling, he had not seen it, although he was looking at the ground when he was
walking. Id. The Court in Weaver held that this evidence established that the hazard was
easily perceptible, relieving the restaurant’s duty to warn. Id.
           We find that the facts in this case are similar to those in Weaver. Viewing the
evidence in the light most favorable to the nonmovant, the summary judgment shows that this
was the first time Appellant parked along Hague Street at this specific location. The shrub
was one to two feet tall, located in a row of green bushes. Appellant testified that she did not
see the distressed shrub, but rather that the color of the distressed shrub blended in with the
color of the rocks used to landscape that area. Yet, she testified that she could not remember
the color of the shrub because of the injuries she received from the fall. Her testimony alone
was the only evidence indicating that the shrub was not perceptible. However, such evidence
is so weak as to do nothing more than create a mere surmise or suspicion of fact and the legal
effect is that there is no evidence. See Miller, 94 S.W.3d at 42-43. We conclude that
Appellant failed to present a scintilla of evidence regarding the perceptibility of the
distressed bush and in so doing, she failed to meet her burden to defeat Tenet Hospitals’ no-evidence motion for summary judgment. Issue No. Two is therefore overruled. Because
Issue No. One and No. Two are dispositive of this appeal, we do not reach Issue No. Three.
           Having overruled Issue Nos. One and Two, and finding that we need not address Issue
No. Three, we affirm the judgment of the trial court.
 
                                                                  RICHARD BARAJAS, Chief Justice

December 15, 2005

Before Barajas, C.J., McClure, and Ables, JJ.
Ables, J., sitting by assignment