ACCEPTED
03-15-00243-CV
6200252
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/23/2015 3:24:05 PM
JEFFREY D. KYLE
CLERK

## NO. 03-15-00243-CV

**IN THE
COURT OF APPEALS
THIRD DISTRICT OF TEXAS**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
7/23/2015 3:24:05 PM
JEFFREY D. KYLE
Clerk

**AUSTIN, TEXAS DIVISION**

**KRISTIN LEE**
Appellant

**v.**

**K & N MANAGEMENT, INC. D/B/A RUDY'S COUNTRY STORE AND
BAR-B-Q**
Appellee

**On Appeal from the 98th Judicial District Court,
Travis County, Texas**

**BRIEF OF APPELLEE**

**ETHAN F. GOODWIN**
State Bar No.: 24064492
e-mail:
ethan.goodwin@farmersinsurance.com

CLARK, TREVINO & ASSOCIATES
1701 Directors Boulevard, Suite 920
Austin, Texas 78744
Telephone: (512) 445-1580
Telecopier: (512) 383-0503

**ATTORNEY FOR APPELLEE**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ............................................................................................. i

STATEMENT OF THE CASE ......................................................................................... 2

ISSUES PRESENTED ...................................................................................................... 2

> Whether the trial court erred by granting summary judgment on grounds that the plant growth was not dangerous when Rudy's showed that it was not, when Appellant failed to respond, and when the Final Summary Judgment does not state the grounds on which it was granted?

> Whether there is some basis upon which a fact finder can assess Rudy's opportunity to discover the plant growth when Appellant failed to show how long it was present prior to Appellant's fall?

STATEMENT OF FACTS ................................................................................................. 3

SUMMARY OF THE ARGUMENT .............................................................................. 4

ARGUMENT AND AUTHORITIES ............................................................................. 5

> The trial court did not err in granting summary judgment because Appellee showed the plant growth at issue was not dangerous and Appellant failed to address the challenged essential element.

> There is no basis upon which a fact finder can assess Rudy's opportunity to discover the plant growth because Appellant failed to show how long it was present prior to Appellant's fall.

CONCLUSION .............................................................................................................. 10

PRAYER ....................................................................................................................... 10

CERTIFICATE OF COMPLIANCE .......................................................................... 11

CERTIFICATE OF SERVICE .................................................................................... 11

# INDEX OF AUTHORITIES

*Carr v. Brasher*, 776 S.W.2d 567 (Tex. 1989) ....................................................... 5

*City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671 (Tex. 1979) .............. 9

*Dolcefino v. Randolph*, 19 S.W.3d 906 (Tex. App. – Houston [14th Dist.] 2000, pet. denied) ..................................................................................................... 6

*Dow Chem. Co. v. Francis*, 46 S.W.3d 237 (Tex. 2001) ........................................ 5

*Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494 (Tex. 2010) ................................ 5

*Keetch v. Kroger,* 845 S.W.2d 262 (Tex. 1992) ................................................. 6, 7

*King Ranch, Inc. v. Chapman*, 118 S.W.3d 742 (Tex. 2003) ................................. 6

*Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244 (Tex. 2013) ................................ 6

*Saenz v. Southern Un. Gas Co.*, 999 S.W.2d 490 (Tex. App. – El Paso 1999, pet. denied) ..................................................................................................... 6

*Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934 (Tex.1998) ........................ 7, 9

*Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812 (Tex. 2002) .......................... 6, 7, 8

*Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006) ...................... 7

*Wong v. Tenet Hosps. Ltd.*, 181 S.W.3d 532 (Tex. App. – El Paso 2005, no pet.) .. 5

**STATUTES AND RULES:**

Tex. R. Civ. P. 166a(i) ............................................................................................ 9

Tex. R. App. P. 9.4(i)(2)(B) ................................................................................... 11

i

NO. 03-15-00243-CV

IN THE
COURT OF APPEALS
THIRD DISTRICT OF TEXAS

AUSTIN, TEXAS DIVISION

KRISTIN LEE
Appellant

v.

K & N MANAGEMENT, INC. D/B/A RUDY'S COUNTRY STORE AND
BAR-B-Q
Appellee

On Appeal from the 98th Judicial District Court,
Travis County, Texas

BRIEF OF APPELLEE

TO THE HONORABLE COURT OF APPEALS:

K & N Management, Inc. d/b/a Rudy's Country Store and Bar-B-Q ("Rudy's"

or "Appellee") respectfully asks the Appellate Court to affirm the Final Summary

Judgment of the trial court, that Appellant Kristin Lee take nothing on her claims,

and respectfully shows the following:

## STATEMENT OF THE CASE:

Appellant brought this suit to recover personal injury damages. C.R. 5 – 6. Appellant sued Rudy's on premises liability and negligent activity theories of recovery after she allegedly slipped and fell on some plant growth on a walkway on Rudy's premises. C.R. 4 – 5. Appellee, after an adequate time for discovery, filed its First Amended Traditional and No-Evidence Motion for Summary Judgment ("Rudy's Motion") on all of Appellant's claims. C.R. 57 – 110. Judge Rhonda Hurley, on April 8, 2015, granted both motions in favor of Appellee by letter ruling. C.R. 187. The Final Summary Judgment was entered on April 10, 2015. C.R. 188 – 190. This appeal followed. C.R. 191 – 198. Appellant's only issue on appeal concerns Rudy's constructive knowledge of the plant growth on her premises liability claim. *See* Appellant's Brief.

## ISSUES PRESENTED:

I.     Whether the trial court erred by granting summary judgment on grounds that the plant growth was not dangerous when Rudy's showed that it was not, when Appellant failed to respond, and when the Final Summary Judgment does not state the grounds on which it was granted?

II.    Whether there is some basis upon which a fact finder can assess Rudy's opportunity to discover the plant growth when Appellant failed to show how long it was present prior to Appellant's fall?

2

## STATEMENT OF FACTS:

Appellant, after admittedly consuming alcohol at Chuy's during a four hour dinner, went to Rudy's "to get chocolate pudding" with her mother, Mary Lee, and brother. C.R. 57, 69 – 70, 84 – 86. Mary Lee drove, Appellant's brother occupied the passenger seat next to Mary Lee, and Appellant sat in the rear passenger seat behind her brother. C.R. 57 – 58, 71 – 72, 79 – 80. When they arrived at Rudy's, Mary Lee did not park in a designated parking space; instead, she pulled up next to a walkway to let Appellant out. C.R. 58, 71, 80. Appellant was wearing rubber flip-flops when she got out of the car, "took a couple of steps and then was on the ground." C.R. 58, 72 – 73, 82.

Appellant could not recall what caused her to fall. C.R. 58, 72, 78, 83, 87 – 88. Appellant, however, was able to recall opening the door of the car, looking where she was going to step on the walkway, and seeing that it was clear of plants. C.R. 58, 80 – 81. Appellant felt that she could see clearly where she was stepping and what she was stepping on. C.R. 58, 82. Appellant, despite the aforementioned recollections, was not sure why she fell. C.R. 58, 83, 87 – 88. After she fell, Appellant got back into the car without inspecting the scene to determine what, if anything, caused her to fall and went home before going to the hospital. C.R. 58, 72 – 74, 76 – 77.

Appellant's mother did not see where Plaintiff stepped or what caused her to fall. C.R. 58, 92 – 93. She did not investigate the scene immediately after Appellant fell. C.R. 58, 93. Plaintiff's mother contends that Justin House, a family friend and Rudy's employee at that time, told her son the following day that Plaintiff stepped onto some groundcover that protruded onto the walkway and caused her to fall. C.R. 58, 92 – 93. Before that, Appellant's mother "literally thought she just tripped over her own two feet." C.R. 58, 92 – 93.

Justin House testified that the area where Appellant fell was "well-lit" and that if someone was stepping out of a car, they'd easily be able to see what, if anything, was on the sidewalk. C.R. 58, 99. He did not dot see anything on the sidewalk that concerned him that Appellant might fall prior to her actually falling. C.R. 58 – 59, 100. While Justin House did not actually see what Appellant stepped on that caused her to fall or actually go to that area after the fall, he testified that there was some plant growth on the sidewalk after she fell in "one spot." C.R. 59, 100 – 104, 108 – 109.

## SUMMARY OF THE ARGUMENT:

I.    The plant growth was not dangerous as a matter of law. Appellant conceded the issue by failing to respond and present any evidence otherwise.

II.    Rudy's cannot be charged with constructive knowledge because Appellant failed to show how long the plant growth existed prior to Appellant's fall.

4

## ARGUMENT AND AUTHORITIES:

**1.   The trial court did not err in granting summary judgment because Appellee showed the plant growth at issue was not dangerous and Appellant failed to address the challenged essential element.**

The Final Summary Judgment in this case does not state the grounds on which it was granted. C.R. 188 – 190. "Where the trial court has granted summary judgment without stating the grounds for doing so . . . we must consider all grounds for judgment presented in the motion and affirm if any has merit." *Wong v. Tenet Hosps. Ltd.*, 181 S.W.3d 532, 536 (Tex. App. – El Paso 2005, no pet.). The appellate court may, in other words, affirm the summary judgment on any one meritorious ground alleged. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

Rudy's showed in its traditional summary judgment motion that the plant growth at issue was not dangerous as a matter of law. C.R. 60 – 61, 108 – 109. Rudy's, in other words, disproved the facts of one of the essential elements of Appellant's premises liability claim. *Id.* "A defendant who conclusively negates at least one of the essential elements of a cause of action . . . is entitled to summary judgment." *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). Appellant did not contest Rudy's entitlement to traditional summary judgment in her Response. C.R. 111 – 117. Therefore, the trial court did not err by granting Rudy's traditional summary judgment motion.

5

Rudy's, in its no-evidence summary judgment motion, also contended there was no evidence that any condition on its premises posed an unreasonable risk of harm to Appellant. C.R. 62. Appellant failed to address the no-evidence challenge in her Response. C.R. 111 – 117. Tex. R. Civ. P. 166a(i), consequently, required the trial court to grant Rudy's no-evidence summary judgment motion because Appellant failed to produce any summary judgment evidence that raised a genuine issue of material fact. *Dolcefino v. Randolph*, 19 S.W.3d 906, 917 (Tex. App. – Houston [14th Dist. 2000, pet. denied); *Saenz v. Southern Un. Gas Co.*, 999 S.W.2d 490, 493 (Tex. App. – El Paso 1999, pet. denied). An appellate court must affirm a no-evidence summary judgment if the records shows there is no evidence on the challenged element. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). The record is clear; Appellant presented no evidence on the challenged element. C.R. 111 – 117. Therefore, the trial court did not err in granting Rudy's no-evidence summary judgment motion.

2. **There is no basis upon which a fact finder can assess Rudy's opportunity to discover the plant growth because Appellant failed to show how long it was present prior to Appellant's fall.**

Appellant must prove that the plant growth that she claims caused her to fall existed for so long that Appellants had a reasonable opportunity to discover it. See *Wal-mart Stores v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002); *Keetch v. Kroger Co.*,

845 S.W.2d 262, 265 (Tex. 1992). In other words, there must be some evidence of how long the plant growth existed prior to Appellant's fall in order to charge Rudy's with constructive knowledge. *Reece*, 81 S.W.3d at 816. "Without some temporal evidence, there is no basis upon which the fact finder can reasonably assess the opportunity the premises owner had to discover the dangerous condition." *Reece*, 81 S.W.3d at 816; *see also Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006)(evidence that employee was in close proximity to spill legally insufficient to support a finding of constructive notice without evidence of how or when it came to be on the floor). Otherwise, "constructive knowledge" would be imputed on a landowner the instant a dangerous condition is created, whether or not there was a reasonable opportunity to discover it. *Reece*, 81 S.W.3d at 815.

"When circumstantial evidence is relied upon to prove constructive notice the evidence must establish that it is more likely than not that the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition." *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 936, 936 (Tex. 1998). Circumstantial evidence from which "equally plausible but opposite inferences may be drawn" is speculative and, thus, legally insufficient to support a finding of constructive knowledge. *Id.* The Texas Supreme Court in *Reece* also reiterated that a court may not "refus[e] to apply the 'time-notice rule' simply because it might be

7

impossible for the Plaintiff to show actual or constructive knowledge." *Reece*, 81 S.W.3d at 816.

There is no evidence of how long the plant growth existed before Appellant fell. C.R. 61 – 62, 72, 78, 83, 87 – 88. Appellant could not recall what caused her to fall. C.R. 58, 72, 78, 83, 87 –88. Appellant was not sure why she fell. C.R. 58, 83, 87 – 88. Appellant did not inspect the scene after she fell to determine what, if anything, caused her to fall. C.R. 58, 72 – 74, 76 – 77. Appellant, thus, could not describe the alleged defect or attribute any characteristic to it that would indicate that it had been there long enough that it should have been discovered. C.R. 61 – 62, 72, 78, 83, 87 – 88.

Appellant's mother, likewise, did not see where Appellant stepped or what caused her to fall. C.R. 58, 92 – 93. Appellant's mother, just like Appellant, did not investigate the scene immediately after Appellant fell. C.R. 58, 93. Appellant's mother "literally thought that she just tripped over her own two feet." C.R. 58, 92 – 93. Appellant's mother's testimony, just like Appellant's testimony, failed to show how long the plant growth existed prior to Appellant's fall. C.R. 58, 92 – 93.

Justin House, Appellant's family friend and Rudy's former employee, testified that prior to Appellant's fall, he did not see anything on the sidewalk that concerned him. C.R. 58 – 59, 100, 182. Justin House did not actually see Appellant's feet hit an obstacle that caused her to fall. C.R. 100. After Appellant

fell, Justin House claimed he saw a plant that he estimated to be ten inches in diameter from twenty-five feet away while on the patio inside Rudy's. C.R. 100 – 101, 183. However, Justin House never actually went to the area where Appellant fell to investigate what caused her to fall. C.R. 101, 183. Justin House's testimony, similarly, failed to show how long the plant growth that he concluded caused Plaintiff's fall existed.

In order to prevail on appeal, Appellant must have clearly presented summary judgment proof to establish a fact issue. TEX. R. CIV. P. 166a; *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). Appellant failed to sustain her burden of proof because her summary judgment evidence does not show when the plant growth came to be on the walkway or how long it was present before Appellant slipped. C.R. 111 – 117. Appellant argues that constructive knowledge should be imputed to Rudy's because plants grow slowly implying that Rudy's should have discovered it because "the hazard at issue must logically have existed for a considerable time before [Appellant] fell." *See* Appellant's Brief. Appellant's argument is flawed and legally insufficient to impute constructive knowledge on Rudy's because there are numerous other plausible alternative explanations for the creation of the condition at issue. *Gonzalez,* 968 S.W.2d 936, 936 (Tex. 1998). As such, Appellant failed to meet her burden and prove the plant growth at issue existed

for so long that it should have been discovered through the exercise of reasonable care.

## CONCLUSION:

Appellant failed to prove the plant growth at issue was dangerous. Appellant, additionally, failed to prove Rudy's constructive knowledge of the alleged plant growth that she claims caused her to slip and fall. Therefore, the appellate court should affirm the Final Summary Judgment in Appellee's favor because Appellant failed to meet her burden.

## PRAYER:

WHEREFORE, PREMISES CONSIDERED, Rudy's respectfully asks the Court to affirm the Final Summary Judgment of the trial court that Appellant take nothing on her claim against Rudy's, and for all other relief to which Rudy's may be justly entitled, at law or in equity, including costs.

Respectfully submitted,

CLARK, TREVINO & ASSOCIATES
1701 Directors Boulevard, Suite 920
Austin, Texas 78744
Telephone: (512) 445-1580
Telecopier: (512) 383-0503

By: _____
Ethan F. Goodwin
State Bar No. 24064492
*E-mail address:*
*ethan.goodwin@farmersinsurance.com*

**ATTORNEY FOR APPELLEE**

## CERTIFICATE OF COMPLIANCE

I certify by my signature above that I have reviewed Brief of Appellee and have concluded that every factual statement in it is supported by the Clerk's Record and that the number of words in this document, as allowed by TEX. R. APP. P. 9.4(i)(2)(B), is 2,761.

## CERTIFICATE OF SERVICE

I hereby certify by my signature above that a true and correct copy of the document has been delivered by certified mail, return receipt requested, and or facsimile and or e-mail to the attorneys of record as listed below on the 23rd day of July, 2015:

Price Ainsworth
Law Offices of Price Ainsworth, P.C.
3821 Juniper Trace, #310
Austin, Texas 78738
(512) 233-1111
(512) 472-9157 (Fax)