# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00243-CV

**Kristin Lee, Appellant**

**v.**

**K & N Management, Inc. d/b/a Rudy's Country Store and Bar-B-Q, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. D-1-GN-11-001839, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Kristin Lee sued appellee K & N Management, Inc. d/b/a Rudy's Country Store and Bar-B-Q for personal-injury damages after she allegedly tripped on a groundcover plant near the entrance of a Rudy's store. The trial court granted Rudy's motion for summary judgment. Two elements of Lee's premises-liability claim are at issue on appeal: (1) whether there was a dangerous condition on the premises and (2) whether Rudy's had constructive knowledge of a dangerous condition on the premises. Because Lee presented no evidence supporting her claim that the plant constituted a dangerous condition, she failed to raise a genuine issue of material fact on that element of her claim. Accordingly, we affirm the trial court's grant of summary judgment.

## BACKGROUND

On the evening of August 21, 2009, Kristin Lee had dinner with her mother and brother at Chuy's. Lee drank one margarita with her dinner. After their meal, the group went to

Rudy's to pick up dessert to take home. Instead of parking in a designated parking spot, Lee's mother pulled her car up next to the sidewalk and let Lee out. Lee's mother was on the opposite side of the car from the sidewalk. Lee was wearing rubber flip-flops. After exiting the car and taking a couple of steps, she allegedly slipped on groundcover which she asserts had grown over the edge of the flowerbed onto the sidewalk leading up to the restaurant. Justin House, a Rudy's employee and friend of the Lee family, saw the fall from 25 feet away. House testified that after Lee fell, he saw plant overgrowth on the sidewalk that "was green and had some kind of flowers on it." He said it was protruding about ten inches out onto the sidewalk in one spot. Lee's fall resulted in a fractured ankle that ultimately required two surgeries.

Lee sued Rudy's on premises-liability and negligent-activity theories of recovery. Rudy's moved for traditional and no-evidence summary judgment on all of Lee's claims. With regard to Lee's premises-liability claim, Rudy's asserted that (1) the plant overgrowth was not dangerous as a matter of law, (2) Rudy's did not and should not have known of the alleged defect, and (3) there was no evidence of either of these two essential elements of Lee's claim. In her summary-judgment response, Lee only responded to the argument that Rudy's should not have known of the alleged defect. Lee asserted that the reasonable inference is that the plant grew slowly over the walkway, raising a fact issue about whether Rudy's had constructive knowledge of the defect. Lee did not address Rudy's contention that the plant overgrowth was not dangerous as a matter of law. The trial court granted summary judgment for Rudy's without stating the basis for its ruling. This appeal followed.

2

**ANALYSIS**

On appeal, Lee contends in a single issue that there is a fact issue about whether Rudy's had constructive knowledge of a dangerous condition on the premises. Also at issue on appeal is whether Lee established that a dangerous condition existed on the premises.

**Standard of review**

We review the trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). When the trial court's order does not specify the grounds for its summary judgment, we must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). When a party files both traditional and no-evidence motions, we first review the trial court's decision under the no-evidence standard. *See* Tex. R. Civ. P. 166a(i); *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). If we determine that the no-evidence summary judgment was properly granted, we need not analyze whether the movant satisfied its burden for traditional summary judgment. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

A movant seeking a no-evidence summary judgment must assert that there is no evidence of one or more essential elements of a claim on which the nonmovant would have the burden of proof at trial. Tex. R. Civ. P. 166a(i). Once the motion is filed, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact as to each of the elements challenged in the motion. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). When reviewing a no-evidence summary judgment, we must consider the summary-judgment evidence "in

3

the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Id.*

A no-evidence motion should be granted when: "(a) there is a complete absence of evidence of a vital fact, (b) the court is barred by the rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). "More than a scintilla of evidence exists when the evidence 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Id.* (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *Id.* (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

**Premises liability**

"Premises liability is a special form of negligence where the duty owed to the plaintiff depends upon the status of the plaintiff at the time the incident occurred." *Western Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). In this case, it is undisputed that Lee was a business invitee when she fell on Rudy's premises. A premises owner owes invitees "a duty to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition about which the property owner knew or should have known." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010). A premises owner's duty toward its invitee does not, however, make the owner

4

an insurer of the invitee's safety. *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). To recover damages in a premises-liability case, a plaintiff must prove: (1) actual or constructive knowledge of some condition on the premises by the owner; (2) the condition posed an unreasonable risk of harm; (3) the owner did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner's failure to use such care proximately caused the plaintiff's injuries. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992).

**Dangerous condition**

In a premises-liability case, the plaintiff must establish that a dangerous condition on the premises presented an unreasonable risk of harm. *Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 162 (Tex. 2007) (per curiam). A condition poses an unreasonable risk of harm "when there is a 'sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen.'" *County of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002) (quoting *Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 754 (Tex. 1970)).

The Texas Supreme Court has held that certain naturally occurring substances generally do not pose an unreasonable risk of harm. In particular, the supreme court has held that ordinary mud or dirt in its natural state can, and often does, form a condition posing a risk of harm, but not an *unreasonable* risk of harm. *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 675-76 (Tex. 2004) (per curiam) (finding mud that accumulated on outdoor concrete slab without assistance or involvement of unnatural contact was not dangerous condition); *see also Johnson Cty. Sheriff's Posse, Inc. v. Endsley*, 926 S.W.2d 284, 287 (Tex. 1996) (holding that dirt and small rocks in

rodeo arena did not constitute dangerous condition); *Brownsville Navigation Dist. v. Izaguirre*, 829 S.W.2d 159, 160 (Tex. 1992) ("Plain dirt which ordinarily becomes soft and muddy when wet is not a dangerous condition of property for which a landlord may be liable."). *But cf. Wong v. Tenet Hosps. Ltd.*, 181 S.W.3d 532, 538 (Tex. App.—El Paso 2005, no pet.) (stating that "distressed shrub" was not in its natural state because it had been specifically planted as part of landscaping scheme and there was no evidence of reason that shrub was in distressed state).

Under the facts of this case, the plant, like mud and dirt, may have formed a condition that posed a risk of harm, but on this record, we cannot conclude that it was an *unreasonable* risk of harm. Even though the determination of whether a particular condition poses an unreasonable risk of harm is generally fact-specific and there is no definitive, objective test that may be applied to make that determination, *see Seideneck*, 451 S.W.2d at 754, Lee did not address Rudy's no-evidence challenge to this element of her claim and presented no evidence in her response that created a fact issue. Reviewing all the evidence in the summary-judgment record in the light most favorable to Lee, we conclude that the evidence regarding whether the plant was a dangerous condition does not rise to the level of more than a scintilla of evidence.

House—the only witness who actually saw the plant—testified that the plant overgrowth protruded approximately ten inches over the edge of the flowerbed in one spot onto the three-and-a-half-foot sidewalk. He was able to see it from the restaurant patio, an estimated 25 feet away from where Lee fell. House and Lee both testified that the area was well lit. Lee testified that when she got out of the car, she looked to see where she would be stepping and saw that the area where she was about to step was clear. She remembered that she stepped in the middle of the

6

sidewalk and "had the perfect amount on both sides when I got out on the sidewalk to get out on." Lee only took a couple of steps before she turned around and looked back at her mother so that she could talk to her without yelling and then she fell. Lee testified that she has no memory of tripping over a plant or any kind of landscaping and is not sure why she fell. Lee's mother, who was in the car when Lee fell, also testified that she never saw the plant. House, after somewhat equivocating testimony in his deposition, stated that he observed Lee step on the plant, but further testified that he did not feel that it was a dangerous condition or that he should report the incident to his supervisor.

In addition, the summary-judgment evidence contains several photographs of the outdoor area in question. The raised, curbed area contains a triangular-shaped flowerbed with a white sidewalk. The sidewalk runs between a parking space and the flowerbed and appears to lead to the restaurant. The flowerbed is filled with a low groundcover plant that appears dark-colored, dense, and leafy. In the photographs, there is a car parked in the parking space on the other side of the sidewalk from the flowerbed, and the height of the curbed area and the groundcover together is approximately the middle of the car's tire.

Given the testimony that the area was well-lit, Lee's testimony that she could see where she was stepping and that the area was clear, House's testimony that the plant overgrowth was easily visible from 25 feet away and that he did not think it was dangerous, and the photographs, the evidence—at best—"does nothing more than present a mere speculation and does not rise to the level of more than a scintilla of evidence" of an *unreasonable* risk of harm. *See Wong*, 181 S.W.3d at 539. While a plant, whether landscaped or not, might present a hazard under the right conditions, the evidence of any risk here does not rise to the level of more than a scintilla, and therefore, it does

7

not create a fact issue on the question of whether the plant overgrowth was a dangerous condition for which Rudy's may be held liable. *See id.* (holding, based on summary-judgment record, as a matter of law, distressed shrub was not unreasonably dangerous condition for which hospital could be held liable). We conclude there is no basis for holding Rudy's liable under the undisputed facts of this case.[1]

## CONCLUSION

Having concluded that Lee did not create a fact issue on the dangerous-condition element of her premises-liability claim, we affirm the trial court's summary judgment.

_____
Cindy Olson Bourland, Justice

Before Justices Puryear, Goodwin, and Bourland

Affirmed

Filed: December 11, 2015

---

[1] Because we conclude that Lee failed to raise a fact issue on this element of her claim, we do not reach her appellate issue asserting that there is a fact issue about whether Rudy's had constructive knowledge of a dangerous condition on the premises. *See* Tex. R. App. P. 47.1 (appellate court must hand down written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of appeal).