COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| EDMUND FORESTER, | | No. 08-09-00057-CV |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 171st District Court |
| | § | |
| EL PASO ELECTRIC COMPANY, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 2009-388) |
| | § | |

**O P I N I O N**

Edmund Forester appeals from a summary judgment granted in favor of El Paso Electric Company on a premises liability claim. For the reasons that follow, we affirm.

**FACTUAL SUMMARY**

On February 5, 2007, Edmund Forester ate dinner at Applebee's Neighborhood Bar and Grill. Afterward, he began to walk back to the La Quinta Inn where he was staying overnight. La Quinta is located adjacent to, and across the parking lot, from Applebee's. A median separates the two business. An EPEC utility platform cover is located in the median and two yellow posts are located it is bordered by two yellow posts is located in the median. While walking through the parking lot, Forester decided to cut across the median to reach his hotel because he believed it to be a direct path. With one foot in the Applebee's parking lot, Forester stepped over the curb and onto the platform cover. The cover gave way and Forester fell back into the Applebee's parking lot. Forester dislocated his shoulder while attempting to grab one of the yellow posts. He also suffered a fractured vertebrae and a few abrasions on his stomach and legs.

Forester sued EPEC[1] claiming that it owed him a duty as an invitee to inspect the premises, maintain them in a reasonably safe manner, and warn him of any hazardous conditions. EPEC filed a combined traditional and no evidence motion for summary judgment alleging it conclusively proved that Forester was a trespasser, or at best a licensee, and that Forester had no evidence that EPEC was grossly negligent or that it had actual knowledge of the dangerous condition. The trial court granted summary judgment for EPEC and entered a take nothing judgment. Forester raises three issues on appeal.

## SUMMARY JUDGMENT

Forester's first two issues address the traditional summary judgment grounds. In Issue One, he contends that as an easement holder, EPEC owed him the duty of ordinary care regardless of his status at the time of injury. In Issue Two, Forester argues that should the court determine that his status at the time of his injury is determinative of the duty owed, then the evidence shows he was an invitee. In Issue Three, which addresses the no evidence summary judgment ground, Forester asserts that should it be determined that he was a licensee, then a material fact question exists with regard to EPEC's gross negligence, or its failure to warn of the condition or make the condition reasonably safe.

### *Standards of Review*

The standard of review for traditional summary judgment under TEX.R.CIV.P. 166a(c) is well established. *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546, 548 (Tex. 1985). The moving party carries the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Diversicare General Partner, Inc. v. Rubio*, 185 S.W.3d

---

[1] Forester also sued several Applebee's entities but those defendants are not part of this appeal as the trial court severed Forester's claims against EPEC.

842, 846 (Tex. 2005); *Browning v. Prostok*, 165 S.W.3d 336, 344 (Tex. 2005).  Evidence favorable to the non-movant will be taken as true in deciding whether there is a disputed issue of material fact. *Fort Worth Osteopathic Hospital, Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004).  All reasonable inferences, including any doubts, must be resolved in favor of the non-movant.  *Id*.  A defendant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of each of the plaintiff's causes of action or if it conclusively establishes all elements of an affirmative defense.  *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002); *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995).  Once the defendant establishes a right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact.  *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678-79 (Tex. 1979); *Scown v. Neie*, 225 S.W.3d 303, 307 (Tex.App.--El Paso 2006, pet. denied).

A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard of review.  *Viasana v. Ward County*, 296 S.W.3d 652 (Tex.App.--El Paso 2009, no pet.); *Martinez v. Leeds*, 218 S.W.3d 845, 848 (Tex.App.--El Paso 2007, no pet.).  The party moving for no-evidence summary judgment must assert that there is no evidence of one or more essential elements of a claim or defense on which the non-movant would have the burden of proof at trial.  *Viasana*, 296 S.W.3d at 654; *Martinez*, 218 S.W.3d at 848; *see* TEX.R.CIV.P. 166a(i). The burden then shifts to the non-movant to produce evidence raising a fact issue on the challenged elements.  *Viasana*, 296 S.W.3d at 654; *Martinez*, 218 S.W.3d at 848.  To raise a genuine issue of material fact, the non-movant must set forth more than a scintilla of probative evidence as to an essential element of his claim or defense.  *Viasana*, 296 S.W.3d at 654; *Martinez*, 218 S.W.3d at 848.

*Easement Holder*

In his first issue, Forester contends that as an easement holder, EPEC owed him a duty of ordinary care regardless of his status at the time of the injury. EPEC counters that this regular negligence theory has been waived because Forester pled a premises liability case and responded to EPEC's summary judgment motion by utilizing premises liability principles.[2]

In his live pleadings, Forester stated a negligence cause of action based on premises liability. Asserting that he was an invitee at the time of his injury, Forester alleged that EPEC "had the duty to inspect the premises and maintain them in a reasonably safe manner, and to warn of any hazardous conditions." Forester referred to the defendants as the "owner, occupier, and/or possessor" of the premises. He did not assert that EPEC was an easement holder. We construe pleadings liberally in favor of the pleader when special exceptions have not been filed. *Horizon/CMS Healthcare Corporation v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). Liberal construction does not mean that we imply claims that are not alleged. *Toles v. Toles*, 113 S.W.3d 899, 911 (Tex.App.--Dallas 2003, no pet.). In determining whether a cause of action has been pled, the court must be able from an examination of the plaintiff's pleadings alone to ascertain with reasonable certainty the elements of a cause of action and the relief sought with sufficient particularity upon which a judgment may be based. *Coffey v. Johnson*, 142 S.W.3d 414, 417 (Tex.App.--Eastland 2004, pet. denied), *citing Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex. 1979). After reviewing the record, we are unable to determine with reasonable certainty that Forester's pleadings include this claim. Further, Forester did not raise the issue in his summary judgment response or present any summary judgment evidence related to his claim on appeal that EPEC is an easement holder. *See McConnell v. Southside*

---

[2] At oral argument, Forester argued for the first time that the trial court erred by granting summary judgment with respect to this particular claim because EPEC's summary judgment motion failed to address it. This issue is not included in Forester's brief on appeal. Therefore, it is waived. *See Texas Medical Association v. Texas Workers Compensation Commission*, 137 S.W.3d 342, 351 (Tex.App.--Austin 2004, no pet.)(argument waived where asserted during oral argument and in post-submission brief, but not in pre-submission briefs).

*Independent School District*, 858 S.W.2d 337, 343 (Tex. 1993). Instead he utilized premises liability elements and principles and never asserted that EPEC, as an easement holder, owed him a different duty of care. As the non-movant, Forester must have expressly presented to the trial court, by written answer or response, any issues defeating EPEC's entitlement to judgment as a matter of law. *McConnell*, 858 S.W.2d at 343; TEX.R.CIV.P. 166a(c). Accordingly, we overrule Forester's first issue.

*Forester's Status*

In Issue Two, Forester contends the trial court erred by concluding as a matter of law that he was a licensee rather than an invitee. EPEC responds that the summary judgment evidence conclusively negated the mutual benefit aspect necessary to establish invitee status. In a premises liability action, the duty owed by a premises owner is determined by the status of the complaining party at the time and place of injury. *Greater Houston Transportation Company v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990). An invitee is a person who enters the premises of another at the express or implied invitation of the owner or occupier for their mutual benefit. *Wong v. Tenet Hospitals, Ltd.*, 181 S.W.3d 532, 537 (Tex.App.--El Paso 2005, no pet.); *Braudrick v. Wal-Mart Stores, Inc.*, 250 S.W.3d 471, 476 (Tex.App.--El Paso 2008, no pet.). The owner or occupier owes an invitee the duty to keep the property safe and must use reasonable care to protect the invitee from reasonably foreseeable injuries. *Wong*, 181 S.W.3d at 537. In the absence of a relationship that inures to the mutual benefit of the entrant and the owner, an entrant is considered a licensee. *Montes v. Indian Cliffs Ranch, Inc.*, 946 S.W.2d 103, 105 (Tex.App.--El Paso 1997, pet. denied).

Taking as true the summary judgment evidence favorable to Forester and resolving all reasonable inferences and any doubts in his favor, the evidence conclusively established that Forester cut across the parking lot and stepped on the utility platform cover for his own convenience and

benefit. He had not been a customer of EPEC, he was not given permission by EPEC to use the path, and he did not use the path as a result of any direction or coercion by EPEC. Because Forester did not present summary judgment evidence that EPEC derived any benefit from Forester cutting across the median, he failed to create an issue of fact which would preclude the granting of summary judgment. And because EPEC conclusively negated the mutual benefit element necessary to establish Forester's status as an invitee, the trial court did not err by concluding that Forester held the status of a licensee at the time and place of his injury. *See Wong*, 181 S.W.3d at 537. We overrule Issue Two.

*Gross Negligence*

In his final issue, Forester maintains that the trial court erred by granting a no evidence summary judgment with respect to his gross negligence claim. The test for gross negligence contains both an objective and a subjective component. *Lee Lewis Construction, Inc. v. Harrison*, 70 S.W.3d 778, 785 (Tex. 2001); *Universal Services Company v. Ung*, 904 S.W.2d 638, 641 (Tex. 1995). Gross negligence means an act or omission: (1) which when viewed objectively from the actor's standpoint at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and (2) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others. TEX.CIV.PRAC.&REM.CODE ANN. § 41.001(11)(Vernon 2008); *see Louisiana-Pacific Corp. v. Andrade*, 19 S.W.3d 245, 246 (Tex. 1999); *Transportation Insurance Company v. Moriel*, 879 S.W.2d 10, 23 (Tex. 1994). Evidence of simple negligence is not enough to prove either the objective or subjective elements of gross negligence. *Universal Services*, 904 S.W.2d at 641. The first element, "extreme risk," means not a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the

plaintiff. *Mobil Oil Corporation v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998); *Universal Services*, 904 S.W.2d at 641. The second element, "actual awareness," means that the defendant knew about the peril, but its acts or omissions demonstrated that it did not care. *Ellender*, 968 S.W.2d at 921. Circumstantial evidence is sufficient to prove either element. *Id*.

Regarding the extreme risk element, Forester does not point to any evidence showing that the condition of the platform cover posed the likelihood of serious injury to him as opposed to a remote possibility or even a high probability of minor harm. Instead, Forester relies on the testimony of an expert witness that the platform was unstable due to improper design and installation and EPEC failed to inspect or maintain it. The witness did not testify that there was a likelihood of serious injury to Forester nor did he testify to facts from which it could be inferred that such a likelihood existed. Consequently, Forester failed to carry his burden under Rule 166a(i).

Turning to the second element of gross negligence, we must determine whether Forester produced more then a scintilla of evidence establishing that EPEC knew about the peril, but its acts or omissions demonstrated it did not care. *Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 326 (Tex. 1993). Forester presented evidence to show that EPEC installed the platform in 1995 and that it was responsible for its maintenance and inspection. After the installation of the platform, there were no inspections, repairs, or modifications of the box or lid until EPEC was notified that the cover was loose. None of this evidence establishes that EPEC knew of the danger. Forester also relied on evidence that another individual, Arturo Almanzar, was injured on the same platform two days earlier. But Almanzar filed an accident report at Applebee's, not with EPEC. EPEC did not receive notification about the condition of the platform until after Forester's injury. We conclude that Forester failed to present more than a scintilla of probative evidence to raise a genuine issue of material fact as to whether EPEC was actually aware of the risk caused by the condition of the utility

platform cover.  Issue Three is overruled.  We affirm the summary judgment granted.


October 13, 2010

                                      _____

                                        ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.