COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN RE: EL APPLE, INC., D/B/A APPLEBEE'S NEIGHBORHOOD BAR AND GRILL, EL APPLE, L.L.C., AND VERLANDER ENTERPRISES, L.L.C., | § | 08-11-00259-CV |
| | § | AN ORIGINAL PROCEEDING IN |
| | § | MANDAMUS |
| RELATORS. | § | |
| | § | |

**O P I N I O N**

Relators' have filed this original proceeding seeking a writ of mandamus compelling the Honorable Bonnie Rangel, Judge of the 171st Judicial District Court of El Paso County to vacate an order striking the El Paso Electric Company as a responsible third party in the underlying personal injury suit. Because the order does not constitute a clear abuse of discretion, we deny the petition.

**BACKGROUND**

This original proceeding arises from a personal injury lawsuit, in which real party in interest, Mr. Edmund Forester, sued several entities, including Relators, and the El Paso Electric Company for injuries sustained when he fell after stepping onto a concrete platform covering an underground transformer box. *See Forester v. El Paso Elec. Co.*, 329 S.W.3d 832, 835 (Tex.App.--El Paso 2010, no pet.). Mr. Forester's claims against El Paso Electric Company were severed from the case following a summary judgment, which Mr. Forester appealed to this Court. *See Forester*, 329 S.W.3d at 835. This Court affirmed the summary judgment concluding that: (1) Mr. Forester's argument regarding El Paso Electric Company's alleged status as an

easement holder had not been properly raised in the trial court, and was therefore waived for purposes of appellate review; (2) the trial court did not err by determining as a matter of law that Mr. Forester was not an invitee on the premises; and (3) there was no-evidence to support Mr. Forester's gross negligence claim against the utility. *See id.* at 836-38.

Approximately two years after this Court's decision in *Forester*, Relators requested leave in the trial court to designate El Paso Electric Company as a responsible third party. In support of the motion, Relators submitted copies of discovery admissions previously made by Mr. Forester. In the discovery responses, Mr. Forester acknowledged that the utility platform was owned by El Paso Electric Company, that the platform cover was marked with the warning "Danger High Voltage, Keep Out," that the utility platform constituted an unreasonable risk of harm, and that his injuries were caused, "in whole or in part by the acts or omissions of El Paso Electric Company."

The trial court heard additional arguments on the motion to designate on April 6, 2011. Simultaneous with the hearing on Relators' motion for leave to designate responsible third party, Mr. Forester filed a motion to withdraw one of the admissions raised by Relators in support of their motion to designate. Specifically, Mr. Forester requested that the court withdraw the admission in which he admitted that his injuries and damages, "were caused in whole or in part by the acts or omissions of El Paso Electric Company." In support of the request, Mr. Forester argued that the admission was made at a time when El Paso Electric Company was still a defendant in the case, and was intended to support an essential element of the cause of action against the utility. Mr. Forester also noted, that prior to the summary judgment, had he denied this request for admission, he would have essentially denied his own cause of action against El Paso Electric Company. Permitting the admission to be revived against Mr. Forester in the

2

proceedings to designate El Paso Electric Company as a responsible third party, Mr. Forester argued, would be unfair, and contrary to the original intent of the admissions.

In response to the withdrawal request, Relators noted that although there was no dispute regarding El Paso Electric Company's ownership and control of the transformer box, responsibility for the alleged defect in the box cover had not been adjudicated at summary judgment. Relators argued that due to the impending trial date, withdrawal of the admission would prejudice their case, and that Mr. Forester had failed to demonstrate any change in facts that would alter the validity of the admission. Following a hearing on the motion, the court denied the request for withdrawal.

The court granted the motion to designate El Paso Electric Company as a responsible third party by written order entered on April 19, 2011. Immediately following the designation, Mr. Forester filed a motion to strike the designation, on the basis that the El Paso Electric Company summary judgment precluded the designation, and that *res judicata* and the "law of the case" doctrine bar re-litigation of El Paso Electric Company's responsibility. In the alternative, citing Section 33.011(6) of the Texas Civil Practice and Remedies Code, Mr. Forester argued that pursuant to the summary judgment, the issue of El Paso Electric Company's violation of an applicable standard of care had already been adjudicated, leaving Relators without evidence to support the designation. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 33.0011(6)(West 2008)(defining "responsible third party"). In support of the latter argument, Mr. Forester also argued that the admissions, included in support of Relators' motion to designate, were not sufficient to create a genuine issue of fact regarding El Paso Electric Company's responsibility, and therefore could not support the designation.

In their response to the motion to strike, Relators submitted additional argument, again

3

supported by Mr. Forester's admissions, and also attached excerpts from a September 2, 2008, deposition of Dr. Beryl Gamse, Ph.D., P.E., a forensic engineer who had been retained by Mr. Forester prior to the El Paso Electric Company's summary judgment. In his deposition, Dr. Gamse criticized El Paso Electric Company for installing the transformer box at issue in accordance with the guidelines provided by the Western Underground Committee, rather than the guidelines included in the National Electrical Code. According to Dr. Gamse's analysis, due to its design and proximity to parking lot traffic, the transformer box's cover was faulty because the screws which were intended to hold the lid in place had been knocked loose. Accordingly, Dr. Gamse concluded that as the entity which was responsible for the installation and maintenance of the transformer box, El Paso Electric Company was responsible for Mr. Forester's injuries.[1]

On May 16, 2011, the trial court entered an order striking the designation of responsible third party. In their sole issue, Relators contend that the trial court's decision to strike the responsible third party designation constituted a clear abuse of discretion, and request relief by writ of mandamus.

## ANALYSIS

To be entitled to relief by writ of mandamus, a relator must demonstrate that a clear abuse of discretion has occurred, and that there is no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004)(orig. proceeding). A trial court abuses its discretion by ruling in a manner that is so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005)(orig.

---

[1] This evidence, as well as the admissions made by Mr. Forester and referred to above, was presented to and considered by the trial court as part of Mr. Forester's response to El Paso Electric Company's motion for summary judgment at the time that the trial court granted El Paso Electric Company's motion for summary judgment against Mr. Forester.

proceeding). In conducting an abuse of discretion review, the appellate court may not substitute its judgment for that of the trial court with respect to fact issues or matters committed to the court's sole discretion. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985). On the other hand, with regard to purely legal matters, the court has little or no discretion, and the reviewing court has no obligation to defer to the trial court's determinations. *See In re Prudential*, 148 S.W.3d at 136. A clear failure by the trial court to correctly analyze or apply the law will constitute an abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

In Texas, the statutory provisions governing apportionment of responsibility related to tort causes of action are contained in Chapter 33 of the Civil Practice and Remedies Code. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 33.003 (West 2008). Section 33.004(a) provides the statutory basis for designation of a "responsible third party" for the purpose of apportioning percentages of responsibility in calculation of damages. *See* TEX.CIV.PRAC.& REM.CODE ANN. § 33.003(a); *MCI Sales & Serv., Inc. v. Hinton*, 329 S.W.3d 475, 500 (Tex. 2010). A responsible third party is defined as:

> [A]ny person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these.

TEX.CIV.PRAC.&REM. CODE ANN. § 33.0011(6).

A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate, and once the designation is granted, absent circumstances not at issue in this case, the trial court is required to grant the motion unless another party files a timely objection. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 33.004(a), (f). Neither granting of a

motion for leave to designate a responsible third party, nor a finding of fault against the designated party imposes any liability upon that person. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 33.004(i)(1). Similarly neither may be used in any other proceeding, on the basis of *res judicata*, collateral estoppel, or any other legal theory to impose liability upon that person. *Id*. at subsection (2).

When, as in this case, the trial court grants the request for leave and designates a responsible third party, the basis for striking the designation is statutorily limited. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 33.004(l). After adequate time for discovery, a party may move to strike the designation on the ground that there is no evidence that the designated person is responsible for a portion of the claimant's alleged injury or damages. TEX.CIV.PRAC.&REM. CODE ANN. § 33.004(l). The trial court has no discretion but to grant the motion to strike unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility. *Id.*

In light of the applicable statutory standard, the ruling at the heart of this proceeding could only have resulted from the trial court's conclusion that Relators failed to produce sufficient evidence to raise a genuine issue of fact regarding El Paso Electric Company's alleged responsibility for Mr. Forester's injuries. *See In re Brokers Logistics, Ltd.*, 320 S.W.3d 402, 407-08 (Tex.App.--El Paso 2010, orig. proceeding).

The parties have presented us with conflicting characterizations of Chapter 33 "responsibility" each of which depends on different statutory provisions and construction. We review questions of statutory construction *de novo*. *See Milestone Potranco Dev., Ltd. v. City of San Antonio*, 298 S.W.3d 242, 243 (Tex.App.--San Antonio 2009, pet. denied). When construing a statute, our primary goal is to determine, and give effect to the enacting body's

6

intent. *City of San Antonio*, 298 S.W.3d at 243. To do so, we use the plain meaning of the statute's language, unless to do so would cause an absurdity, because a contrary intention is apparent from the context. *Id.* We may consider other indicators of legislative intent including, the objective of the law, its history, and the consequences of a particular construction. *In re Brokers Logistics*, 320 S.W.3d at 407. Each word must be presumed to have been used for a purpose, and those excluded must likewise be presumed to have been presumed to a purpose. *Id.*

Relators contend "responsibility" should be measured in accordance with the definition of "responsible third party" set forth in Section 33.0011(6), and in light of the provisions which outline the designation of a responsible third party. *See* TEX.CIV.PRAC.&REM.CODE ANN. §§ 33.004, 33.0011(6).

The plain meaning of the language in the statute is that the trial court is required to grant a motion to strike, after an adequate time for discovery has passed, unless a defendant has raised a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 33.004(l).

Therefore, the only issue is whether the evidence submitted in support of the designation was sufficient to avoid the motion to strike. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 33.004(l). Relators submitted affirmative admissions made by Mr. Forester, and expert testimony by Dr. Gamse, which when combined, indicate that, in some manner, El Paso Electric Company was responsible for the alleged faulty condition of the transformer box lid, and contributed to Mr. Forester's injuries. This evidence was originally produced to support Mr. Forester's premises liability cause of action against El Paso Electric Company. Mr. Forester's Fourth Amended Petition, the live pleading at the time of summary judgment, included the following allegations: (1) that one or more of the defendants, including El Paso Electric

7

Company, was the owner/occupier of the premises where he was injured; (2) that he was an invitee on those premises; (3) that one or more of the defendants, including El Paso Electric Company, created or maintained a condition on the premises which created an unreasonable risk of harm; (4) that one or more of the defendants, including El Paso Electric Company, knew or should have known of the condition; and (5) that one or more of the defendants, including El Paso Electric Company, breached their duty of ordinary care by failing to make the premises safe for invitees.[2]

The trial court granted El Paso Electric Company's motion for summary judgment after having considered the evidence submitted by Mr. Forester in support of his Response to the motion for summary judgment as well as the pleadings on file at the time of the hearing.[3] This Court affirmed that decision. *See Forester*, 329 S.W.3d at 834. As part of that decision, this Court affirmed the trial court's determinations that there was no-evidence to support Mr. Forester's gross negligence claim against El Paso Electric Company, and that there was no-evidence to support an essential element of Mr. Forester's allegation that he was an invitee for purposes of his premises liability claim against El Paso Electric Company. *See Forester*, 329 S.W.3d at 835.

In effect, Relators are asking this Court to reconsider the evidence available at summary judgment, and determine that the same evidence found not to raise a genuine issue of material fact for purposes of summary judgment now raises a genuine issue of fact sufficient to support the designation of a party dismissed from the case as a responsible third party. This we decline

---

[2] There is no indication from the mandamus record that Mr. Forester further amended his pleadings since the summary judgment proceedings.

[3] The evidence submitted was identical to the evidence submitted by Relators in support of their Motion to Designate Responsible Third Party. At the time the trial court struck the designation of responsible third party, Mr. Forester's Fourth Amended Petition was his active pleading, as it was at the time the trial court granted the summary judgment in favor of El Paso Electric Company.

to do.

We hold that in circumstances such as these, where one defendant successfully prosecutes a motion for summary judgment, another defendant cannot subsequently designate the successful movant as a responsible third party on the basis of the same evidence which the trial court previously determined did not create a genuine issue of material fact.[4]

Under the circumstances presented here, we find that the trial court did not abuse its discretion by striking the responsible third party designation.  Issue One is overruled.[5]

## CONCLUSION

Having overruled Relators' sole issue, the petition for writ of mandamus is denied.

February 22, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

---

[4] Indeed, it is not difficult to envision a circumstance where one defendant, having been eliminated from a case via summary judgment, is designated a responsible third party by another defendant, and then, at trial is determined to be 100 percent responsible for the claimant's injury or damage.  This cannot be a result intended by the Legislature when it enacted § 33.004 of the Texas Civil Practice and Remedies Code.

[5] Because we have concluded that Relators have failed to demonstrate an abuse of discretion, we need not address the availability of an adequate remedy at law.  *In re Prudential*, 148 S.W.3d at 135-36.