COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
 IN RE: EL APPLE, INC., D/B/A APPLEBEE’S NEIGHBORHOOD
 BAR AND GRILL, EL APPLE, L.L.C., AND VERLANDER ENTERPRISES, L.L.C.,
  
 RELATORS.
  
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 08-11-00259-CV
  
 AN ORIGINAL
 PROCEEDING IN
  
 MANDAMUS
  
  
  
 
 
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 


O P I N I O N

 

Relators’ have
filed this original proceeding seeking a writ of mandamus compelling the
Honorable Bonnie Rangel, Judge of the 171st Judicial District Court of El Paso
County to vacate an order striking the El Paso Electric Company as a
responsible third party in the underlying personal injury suit.  Because the order does not constitute a clear
abuse of discretion, we deny the petition.

BACKGROUND

This original
proceeding arises from a personal injury lawsuit, in which real party in
interest, Mr. Edmund Forester, sued several entities, including Relators, and
the El Paso Electric Company for injuries sustained when he fell after stepping
onto a concrete platform covering an underground transformer box.  See
Forester v. El Paso Elec. Co., 329 S.W.3d 832, 835 (Tex.App.--El Paso 2010,
no pet.).  Mr. Forester’s claims against
El Paso Electric Company were severed from the case following a summary
judgment, which Mr. Forester appealed to this Court.  See Forester,
329 S.W.3d at 835.  This Court affirmed
the summary judgment concluding that:  (1)
Mr. Forester’s argument regarding El Paso Electric Company’s alleged status as
an easement holder had not been properly raised in the trial court, and was
therefore waived for purposes of appellate review; (2) the trial court did not
err by determining as a matter of law that Mr. Forester was not an invitee on
the premises; and (3) there was no-evidence to support Mr. Forester’s
gross negligence claim against the utility. 
See id. at 836-38.

Approximately two
years after this Court’s decision in Forester,
Relators requested leave in the trial court to designate El Paso Electric
Company as a responsible third party.  In
support of the motion, Relators submitted copies of discovery admissions
previously made by Mr. Forester.  In
the discovery responses, Mr. Forester acknowledged that the utility platform
was owned by El Paso Electric Company, that the platform cover was marked with
the warning “Danger High Voltage, Keep Out,” that the utility platform
constituted an unreasonable risk of harm, and that his injuries were caused, “in
whole or in part by the acts or omissions of El Paso Electric Company.”

The trial court
heard additional arguments on the motion to designate on April 6, 2011.  Simultaneous with the hearing on Relators’
motion for leave to designate responsible third party, Mr. Forester filed a
motion to withdraw one of the admissions raised by Relators in support of their
motion to designate.  Specifically, Mr.
Forester requested that the court withdraw the admission in which he admitted
that his injuries and damages, “were caused in whole or in part by the acts or
omissions of El Paso Electric Company.” 
In support of the request, Mr. Forester argued that the admission was
made at a time when El Paso Electric Company was still a defendant in the case,
and was intended to support an essential element of the cause of action against
the utility.  Mr. Forester also noted,
that prior to the summary judgment, had he denied this request for admission,
he would have essentially denied his own cause of action against El Paso
Electric Company.  Permitting the
admission to be revived against Mr. Forester in the proceedings to designate El
Paso Electric Company as a responsible third party, Mr. Forester argued, would
be unfair, and contrary to the original intent of the admissions.

            In
response to the withdrawal request, Relators noted that although there was no
dispute regarding El Paso Electric Company’s ownership and control of the
transformer box, responsibility for the alleged defect in the box cover had not
been adjudicated at summary judgment. 
Relators argued that due to the impending trial date, withdrawal of the
admission would prejudice their case, and that Mr. Forester had failed to
demonstrate any change in facts that would alter the validity of the
admission.  Following a hearing on the
motion, the court denied the request for withdrawal.

The court granted
the motion to designate El Paso Electric Company as a responsible third party
by written order entered on April 19, 2011. 
Immediately following the designation, Mr. Forester filed a motion to
strike the designation, on the basis that the El Paso Electric Company summary
judgment precluded the designation, and that res judicata and the “law of the case” doctrine bar re-litigation
of El Paso Electric Company’s responsibility. 
In the alternative, citing Section 33.011(6) of the Texas Civil Practice
and Remedies Code, Mr. Forester argued that pursuant to the summary judgment,
the issue of El Paso Electric Company’s violation of an applicable standard of
care had already been adjudicated, leaving Relators without evidence to support
the designation.  See Tex.Civ.Prac.&Rem.Code
Ann. § 33.0011(6)(West 2008)(defining “responsible third party”).  In support of the latter argument, Mr.
Forester also argued that the admissions, included in support of Relators’
motion to designate, were not sufficient to create a genuine issue of fact regarding
El Paso Electric Company’s responsibility, and therefore could not support the
designation.

In their response
to the motion to strike, Relators submitted additional argument, again
supported by Mr. Forester’s admissions, and also attached excerpts from a
September 2, 2008, deposition of Dr. Beryl Gamse, Ph.D., P.E., a forensic
engineer who had been retained by Mr. Forester prior to the El Paso
Electric Company’s summary judgment.  In
his deposition, Dr. Gamse criticized El Paso Electric Company for installing
the transformer box at issue in accordance with the guidelines provided by the
Western Underground Committee, rather than the guidelines included in the
National Electrical Code.  According to
Dr. Gamse’s analysis, due to its design and proximity to parking lot traffic,
the transformer box’s cover was faulty because the screws which were intended
to hold the lid in place had been knocked loose.  Accordingly, Dr. Gamse concluded that as the
entity which was responsible for the installation and maintenance of the
transformer box, El Paso Electric Company was responsible for Mr. Forester’s
injuries.[1]

On May 16, 2011, the
trial court entered an order striking the designation of responsible third
party.  In their sole issue, Relators
contend that the trial court’s decision to strike the responsible third party
designation constituted a clear abuse of discretion, and request relief by writ
of mandamus.

ANALYSIS

To be entitled to
relief by writ of mandamus, a relator must demonstrate that a clear abuse of
discretion has occurred, and that there is no adequate remedy at law.  In re
Prudential Ins. Co. of  Am., 148
S.W.3d 124, 135-36 (Tex. 2004)(orig. proceeding).  A trial court abuses its discretion by ruling
in a manner that is so arbitrary and unreasonable as to amount to a clear and
prejudicial error of law.  In re Ford Motor Co., 165 S.W.3d 315, 317
(Tex. 2005)(orig. proceeding).  In
conducting an abuse of discretion review, the appellate court may not
substitute its judgment for that of the trial court with respect to fact issues
or matters committed to the court’s sole discretion.  Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 242 (Tex. 1985).  On the other hand, with regard to purely
legal matters, the court has little or no discretion, and the reviewing court
has no obligation to defer to the trial court’s determinations.  See In
re Prudential, 148 S.W.3d at 136.  A
clear failure by the trial court to correctly analyze or apply the law will
constitute an abuse of discretion.  Walker v. Packer, 827 S.W.2d 833, 840
(Tex. 1992).

In Texas, the
statutory provisions governing apportionment of responsibility related to tort
causes of action are contained in Chapter 33 of the Civil Practice and Remedies
Code.  See Tex.Civ.Prac.&Rem.Code
Ann. § 33.003 (West 2008).  Section
33.004(a) provides the statutory basis for designation of a “responsible third
party” for the purpose of  apportioning
percentages of responsibility in calculation of damages.  See Tex.Civ.Prac.& Rem.Code Ann. § 33.003(a); MCI Sales & Serv., Inc. v. Hinton,
329 S.W.3d 475, 500 (Tex. 2010).  A
responsible third party is defined as:

[A]ny person who is
alleged to have caused or contributed to causing in any way the harm for which
recovery of damages is sought, whether by negligent act or omission, by
defective or unreasonably dangerous product, by other conduct or activity that
violates an applicable legal standard, or by any combination of these.

 

Tex.Civ.Prac.&Rem.
Code Ann. § 33.0011(6).

A defendant may
seek to designate a person as a responsible third party by filing a motion for
leave to designate, and once the designation is granted, absent circumstances
not at issue in this case, the trial court is required to grant the motion
unless another party files a timely objection.  See Tex.Civ.Prac.&Rem.Code Ann. §
33.004(a), (f).  Neither granting of a
motion for leave to designate a responsible third party, nor a finding of fault
against the designated party imposes any liability upon that person.  See
Tex.Civ.Prac.&Rem.Code Ann. § 33.004(i)(1).
 Similarly neither may be used in any
other proceeding, on the basis of res
judicata, collateral estoppel, or any other legal theory to impose
liability upon that person.  Id. at subsection (2).

When, as in this
case, the trial court grants the request for leave and designates a responsible
third party, the basis for striking the designation is statutorily
limited.  See Tex.Civ.Prac.&Rem.Code
Ann. § 33.004(l).  After adequate
time for discovery, a party may move to strike the designation on the ground
that there is no evidence that the designated person is responsible for a
portion of the claimant’s alleged injury or damages.  Tex.Civ.Prac.&Rem.
Code Ann. § 33.004(l).  The trial
court has no discretion but to grant the motion to strike unless a defendant
produces sufficient evidence to raise a genuine issue of fact regarding the
designated person’s responsibility.  Id.

In light of the
applicable statutory standard, the ruling at the heart of this proceeding could
only have resulted from the trial court’s conclusion that Relators failed to
produce sufficient evidence to raise a genuine issue of fact regarding El Paso
Electric Company’s alleged responsibility for Mr. Forester’s injuries.  See In
re Brokers Logistics, Ltd., 320 S.W.3d 402, 407-08 (Tex.App.--El Paso 2010,
orig. proceeding).

The parties have
presented us with conflicting characterizations of Chapter 33 “responsibility”
each of which depends on different statutory provisions and construction.  We review questions of statutory construction
de novo.  See Milestone
Potranco Dev., Ltd. v. City of San Antonio, 298 S.W.3d 242, 243
(Tex.App.--San Antonio 2009, pet. denied). 
When construing a statute, our primary goal is to determine, and give
effect to the enacting body’s intent.  City of San Antonio, 298 S.W.3d at 243.  To
do so, we use the plain meaning of the statute’s language, unless to do so
would cause an absurdity, because a contrary intention is apparent from the
context.  Id.  We may consider other
indicators of legislative intent including, the objective of the law, its
history, and the consequences of a particular construction.  In re
Brokers Logistics, 320 S.W.3d at 407. 
Each word must be presumed to have been used for a purpose, and those
excluded must likewise be presumed to have been presumed to a purpose.  Id.

            Relators
contend “responsibility” should be measured in accordance with the definition
of “responsible third party” set forth in Section 33.0011(6), and in light of
the provisions which outline the designation of a responsible third party.  See
Tex.Civ.Prac.&Rem.Code Ann. §§ 33.004,
33.0011(6).

The plain meaning
of the language in the statute is that the trial court is required to grant a
motion to strike, after an adequate time for discovery has passed, unless a
defendant has raised a genuine issue of fact regarding the designated person’s
responsibility for the claimant’s injury or damage.  See
Tex.Civ.Prac.&Rem.Code Ann. §
33.004(l).

Therefore, the only
issue is whether the evidence submitted in support of the designation was
sufficient to avoid the motion to strike. 
See Tex.Civ.Prac.&Rem.Code Ann. § 33.004(l).  Relators submitted affirmative admissions made
by Mr. Forester, and expert testimony by Dr. Gamse, which when combined,
indicate that, in some manner, El Paso Electric Company was responsible for the
alleged faulty condition of the transformer box lid, and contributed to Mr.
Forester’s injuries.  This evidence was
originally produced to support Mr. Forester’s premises liability cause of action
against El Paso Electric Company.  Mr.
Forester’s Fourth Amended Petition, the live pleading at the time of summary
judgment, included the following allegations:  (1) that one or more of the defendants,
including El Paso Electric Company, was the owner/occupier of the premises
where he was injured; (2) that he was an invitee on those premises; (3) that
one or more of the defendants, including El Paso Electric Company, created or
maintained a condition on the premises which created an unreasonable risk of
harm; (4) that one or more of the defendants, including El Paso Electric
Company, knew or should have known of the condition; and (5) that one or more
of the defendants, including El Paso Electric Company, breached their duty of
ordinary care by failing to make the premises safe for invitees.[2]

The trial court
granted El Paso Electric Company’s motion for summary judgment after having
considered the evidence submitted by Mr. Forester in support of his Response to
the motion for summary judgment as well as the pleadings on file at the time of
the hearing.[3]
 This Court affirmed that decision.  See
Forester, 329 S.W.3d at 834.  As part
of that decision, this Court affirmed the trial court’s determinations that
there was no-evidence to support Mr. Forester’s gross negligence claim
against El Paso Electric Company, and that there was no-evidence to support an
essential element of Mr. Forester’s allegation that he was an invitee for
purposes of his premises liability claim against El Paso Electric Company.  See
Forester, 329 S.W.3d at 835.

In effect,
Relators are asking this Court to reconsider the evidence available at summary
judgment, and determine that the same evidence found not to raise a genuine
issue of material fact for purposes of summary judgment now raises a genuine
issue of fact sufficient to support the designation of a party dismissed from
the case as a responsible third party.  This
we decline to do.

We hold that in
circumstances such as these, where one defendant successfully prosecutes a
motion for summary judgment, another defendant cannot subsequently designate
the successful movant as a responsible third party on the basis of the same
evidence which the trial court previously determined did not create a genuine
issue of material fact.[4]

Under the
circumstances presented here, we find that the trial court did not abuse its
discretion by striking the responsible third party designation.  Issue One is overruled.[5]

CONCLUSION

Having overruled
Relators’ sole issue, the petition for writ of mandamus is denied.

 

 

 

February 22, 2012

                                                                        CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.











[1]
This evidence, as well as the admissions made by Mr. Forester and referred to
above, was presented to and considered by the trial court as part of Mr.
Forester’s response to El Paso Electric Company’s motion for summary judgment
at the time that the trial court granted El Paso Electric Company’s motion for
summary judgment against Mr. Forester.





[2]
There is no indication from the mandamus record that Mr. Forester further
amended his pleadings since the summary judgment proceedings.

 





[3]
The evidence submitted was identical to the evidence submitted by Relators in
support of their Motion to Designate Responsible Third Party.  At the time the trial court struck the
designation of responsible third party, Mr. Forester’s Fourth Amended
Petition was his active pleading, as it was at the time the trial court granted
the summary judgment in favor of El Paso Electric Company.





[4]
Indeed, it is not difficult to envision a circumstance where one defendant,
having been eliminated from a case via summary judgment, is designated a
responsible third party by another defendant, and then, at trial is determined
to be 100 percent responsible for the claimant’s injury or damage.  This cannot be a result intended by the
Legislature when it enacted § 33.004 of the Texas Civil Practice and Remedies
Code.

 





[5]
Because we have concluded that Relators have failed to demonstrate an abuse of
discretion, we need not address the availability of an adequate remedy at
law.  In
re Prudential, 148 S.W.3d at 135-36.