COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| MICHAEL DIEZ, | § | |
| | | No. 08-13-00144-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 41st District Court |
| ALASKA STRUCTURES, INC., | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC#2011-2963) |
| | § | |

## **O P I N I O N**

Michael Diez, Appellant, appeals the trial court's summary judgment entered in favor of Alaska Structures, Inc. ("Alaska"), Appellee.  We affirm.

## **BACKGROUND**

Diez was an employee of Merry Mechanization, a Florida-based company which writes and supports metal fabrication computer software.  Alaska operated a high-tech fabric shelter systems manufacturing facility at a premises located at 10826 Pellicano in El Paso, Texas.  The premises were owned by Roller King, Inc.  For the sum of $7,500 Merry Mechanization agreed to provide software training to Alaska's employees at the premises.

Diez travelled to El Paso on behalf of Merry Mechanization to provide one-week onsite

computer training to an Alaska employee, who Diez believes was named "Joel."[1]  On the first day

of training, October 5, 2009, Diez stepped out of "Joel's" office, took several steps onto a white

cement floor, and tripped on a white step.  Diez does not remember encountering any steps as he

entered the facility or walking up stairs.

Diez filed suit against Alaska and Roller King, Inc. alleging negligence and premises

liability.  Alaska filed a hybrid motion for summary judgment, and Roller King, Inc. adopted

Alaska's summary judgment motion.  After Diez replied to the motion, Alaska cross-claimed

against Roller King for contribution, indemnity, and declaratory relief.  The trial court heard the

summary judgment motion and subsequently granted summary judgment in favor of Alaska and

Roller King.

Diez appealed the summary judgment against both Alaska and Roller King.  On joint

motion filed by Diez and Roller King, Diez' appeal against Roller King, Inc. has been dismissed

with prejudice.

## DISCUSSION

Diez presents four issues for our consideration.   In Issue One, Diez complains that the trial

court's order setting the summary judgment hearing for March 21, 2013, was ambiguous because

it failed to make "specific reference to any particular movant's motion for summary judgment,"

and failed to provide Diez with proper notice of which summary judgment motion the trial court

would hear.  Diez alleges that the trial court's order setting hearing effectively deprived him of his

rights to due process and fair notice as he was required to guess whether the trial court was

conducting a hearing on Alaska's and/or co-defendant Roller King's motion for summary

judgment.  He therefore seeks reversal and remand of the case to the trial court.  Diez does not

---

[1]  Alaska's production manager, Manuel Ramos, states in his affidavit that Diez trained him.

cite to any statute or case to support his proposition. Alaska responds that Diez has failed to preserve Issue One because he did not raise this objection to the trial court. We agree.

We may not address issues that Diez has not properly presented to the trial court. *See* TEX. R. APP. P. 33.1(a)(1), (2)(to preserve a complaint for appellate review, the record must show that a party complained to the trial court through a timely request, objection, or motion with sufficient specificity to make the trial court aware of the complaint, and the trial court made a ruling on the complaint). *Riyad Bank v. Al Gailani*, 61 S.W.3d 353, 356 n.2 (Tex. 2001). Even constitutional errors, like Diez' complaint, are waived if not raised first in the trial court. *Alford v. Thornburg,* 113 S.W.3d 575, 581 (Tex.App. – Texarkana 2003, no pet.); *Birdo v. Ament,* 814 S.W.2d 808, 811 (Tex.App. – Waco 1991, writ denied).

Our review of the record has failed to uncover any instance in which Diez specifically presented to the trial court through a timely request, objection, or motion regarding the ambiguity of the trial setting. Diez' only reference of the ambiguity to the trial court belies his assertion on appeal. In a post-judgment Motion for Clarification, Diez states, "[n]otice setting hearing for March 21, 2013, before this Court referenced that the hearing would be on Defendant ALASKA STRUCTURES, INC.'s Traditional and No-Evidence Motions for Summary Judgment, however, it was silent as to Defendant ROLLER KING, INC.'s motion." Clearly, Diez was aware, by his own admission, of the hearing setting as to Alaska's motions for summary judgment.

Because Diez failed to provide the trial court an opportunity to consider and rule upon his complaint, Issue One has not been preserved for appellate review. We overrule Issue One.

In Issues Two, Three, and Four, Diez complains that the trial court erred in granting summary judgment in favor of Alaska on both traditional and no-evidence grounds.

3

*Standard of Review*

Hybrid Summary Judgment Motion

When a party files a hybrid summary judgment motion on both no-evidence and traditional grounds, we first review the trial court's judgment under the no-evidence standard of review. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the non-movant failed to produce more than a scintilla of evidence under the standards of Rule 166a(i), then there is no need to analyze whether the movant's summary judgment proof satisfied the less stringent burden set forth for traditional summary judgment under Rule 166a(c). *See* TEX. R. CIV. P. 166a(c),(d), (i); *East Hill Marine, Inc. v. Rinker Boat Co., Inc.*, 229 S.W.3d 813, 816 (Tex.App. – Fort Worth 2007, pet. denied).

No-Evidence Summary Judgment Motion

A no-evidence motion for summary judgment under Rule 166a(i) is essentially a motion for a pretrial directed verdict. TEX. R. CIV. P. 166a(i); *Timpte Industries, Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). After an adequate time for discovery, a party without the burden of proof may, without presenting evidence, seek summary judgment on the ground that there is no evidence to support one or more essential elements of the non-movant's claim or defense. TEX. R. CIV. P. 166a(i). The motion must specifically state the elements for which there is no evidence. TEX. R. CIV. P. 166a(i); *Timpte Industries, Inc.*, 286 S.W.3d at 310. The Supreme Court has explained that Texas Rule of Civil Procedure 166a(i) does not permit conclusory or general no-evidence challenges. *Timpte Industries, Inc.*, 286 S.W.3d at 310. This requirement serves the purposes of providing adequate information to the opposing party by which it may oppose the motion and defining the issues to be considered for summary judgment. *Timpte Industries, Inc.*, 286 S.W.3d

4

at 311 (quoting *Westchester Fire Ins. Co v. Alvarez*, 576 S.W.2d 771, 772 (Tex. 1978)). The trial court is required to grant the motion unless the non-movant produces summary judgment evidence that raises a genuine issue of material fact. TEX. R. CIV. P. 166a(i).

In conducting our no-evidence summary judgment review, we will "review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Timpte Industries, Inc.*, 286 S.W.3d at 310 (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). When a non-movant presents more than a scintilla of probative evidence that raises a genuine issue of material fact, a no-evidence summary judgment is improper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009).

Traditional Summary Judgment Motion

The party moving for traditional summary judgment bears the burden of showing that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). To determine if the non-movant raises a fact issue, we review the evidence in the light most favorable to the non-movant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009)(citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)). A defendant who conclusively negates a single essential element of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment on that claim. *Frost Nat. Bank v. Fernandez*, 315 S.W.3d 494, 509 (Tex. 2010).

*Analysis*

In its no-evidence motion for summary judgment, Alaska asserted in part that Diez could not prevail on his premises liability claim because he provided no evidence that a condition on the premises posed an unreasonable risk of harm and presented no evidence that a condition on the premises caused his injuries. We first address Issue Four in which Diez asserts that the trial court erred in granting the summary judgment on no-evidence grounds because more than a scintilla of evidence exists supporting the elements of each cause of action asserted and genuine issues of material fact remained for resolution by the trier of fact. *See Ford Motor Co.*, 135 S.W.3d at 600.

In a premises liability case, the plaintiff must establish a duty owed to the plaintiff, breach of the duty, and damages proximately caused by the breach. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010)(citations omitted); *Chappell v. Allen*, 414 S.W.3d 316, 323 (Tex.App. – El Paso 2013, no pet.)(threshold question in a premises liability case, as with any cause of action based on negligence, is existence of and violation of a duty). Whether a duty exists is a question of law for the court and turns "on a legal analysis balancing a number of factors, including the risk, foreseeability, and likelihood of injury, and the consequences of placing the burden on the defendant." *Del Lago Partners, Inc.*, 307 S.W.3d at 767.

The duty owed by a premises owner or occupier is determined by the status of the complaining party at the time and place of injury. *Scott & White Mem'l Hosp. v. Fair,* 310 S.W.3d 411, 412 (Tex. 2010); *Del Lago Partners, Inc.*, 307 S.W.3d at 767 (in premises liability cases, scope of duty turns on the plaintiff's status); *Chappell*, 414 S.W.3d at 323. The status of the complaining party in a premises liability case may be that of an invitee, a licensee, or a trespasser. *See Scott & White Mem'l Hosp.*, 310 S.W.3d at 412 (invitee); *Texas-Louisiana Power*

6

*Co. v. Webster*, 91 S.W.2d 302, 306 (Tex. 1936)(licensee and trespasser); *Chappell*, 414 S.W.3d at 323 (invitee and licensee); *Forester v. El Paso Elec. Co.,* 329 S.W.3d 832, 837 (Tex.App. – El Paso 2010, no pet.)(invitee and licensee); *Wong v. Tenet Hosp. Ltd*, 181 S.W.3d 532, 537 (Tex.App. – El Paso 2005, no pet.)(examining status as invitee, licensee, and trespasser); *City of El Paso v. Zarate*, 917 S.W.2d 326, 330 (Tex.App. – El Paso 1996, no writ)(trespasser and licensee); *see also Montes v. Indian Cliffs Ranch, Inc.,* 946 S.W.2d 103, 106 (Tex.App. – El Paso 1997, writ denied)(status may change based on person's location on premises). An invitee is a person who enters the premises of another at the express or implied invitation of the owner or occupier for the parties' mutual benefit. *Chappell*, 414 S.W.3d at 323; *Forester,* 329 S.W.3d at 837. Diez was Alaska's invitee. Generally, a property owner owes an invitee a duty to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition about which the property owner knew or should have known. *See Del Lago Partners, Inc.*, 307 S.W.3d at 767; *TXI Operations, L.P. v. Perry*, 278 S.W.3d 763, 764-65 (Tex. 2009)(premises owners and occupiers owe a duty to keep their premises safe for invitees against known conditions that pose unreasonable risks of harm). The duty is to "take whatever action is reasonably prudent under the circumstances to reduce or to eliminate the unreasonable risk from that condition." *TXI Operations, L.P.*, 278 S.W.3d at 764-65 (quoting *Corbin v. Safeway Stores, Inc.,* 648 S.W.2d 292, 295 (Tex. 1983)). When such a duty is owed, the premises owner or occupier must either adequately warn of the dangerous condition or make the condition reasonably safe. *See TXI Operations, L.P.*, 278 S.W.3d at 765; *State v. Williams,* 940 S.W.2d 583, 584 (Tex. 1996)(per curiam). Thus, as an invitee asserting a premises liability claim, Diez was required to prove: (1) actual or constructive knowledge of some condition on the premises by the owner/operator; (2) the

7

condition posed an unreasonable risk of harm; (3) the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner/operator's failure to use such care proximately caused the plaintiff's injury. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000).

In response to Alaska's no-evidence-of-causation grounds for summary judgment and as evidence in support of the causation element of his premises liability claim, Diez directed the trial court to his own deposition testimony. Alaska replied that Diez failed to supply any competent evidence to support his assertion that his alleged fall caused the injury about which he complains and argued, as he does on appeal, that Diez has failed to establish by competent expert evidence the required element of causation.

To meet his burden on the element of proximate causation, Diez was required to provide evidence of two components: cause-in-fact and foreseeability. *See Del Lago Partners, Inc.*, 307 S.W.3d at 774; *LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006)(per curiam). An act or omission is a cause-in-fact of an injury if it was a substantial factor in causing the injury and without the act or omission, the harm would not have occurred. *See LMB, Ltd.*, 201 S.W.3d at 688.

No evidence in the record, however, demonstrates that the complained-of conditions caused or contributed to Diez' accident. Diez never reported his fall to any person at Alaska's facility, and only informed his wife of his fall that evening. There is no evidence that anyone witnessed Diez' fall. During his deposition, Diez stated that he landed on his arm and shoulder, had a scrape on his leg and arm, and testified that he would have said something to someone if he was seriously injured or thought he was seriously injured, and did not feel that it was "an incident"

8

or "something bad." Diez testified that he did not remember if his neck was "a little sore" that night or the following night and initially attributed those sensations to sleeping away from home in a motel with new pillows on a different mattress. During the first two nights after returning home from El Paso, Diez stated his neck was sore and he experienced some tingling in his arm, and saw a doctor approximately one week later. After telling his doctor that he had fallen, Diez ultimately had neck surgery.

Diez was asked during his deposition about information contained in his medical records. Diez could not remember if he had been in an automobile accident before or after his fall, noted that he had issues with his nerves and had been examined for memory-related concerns, and discussed surgeries performed on other areas of his body before his fall. Diez did not remember that his wife had informed one doctor, approximately one year before Diez fell in El Paso, that Diez had lost his coordination and had stumbled. When asked during his deposition to identify the parts of his body that he claims was injured by the fall, Diez identified the scrapes on his arm and leg, and an injury to his neck. Diez agreed, when asked, that his neck surgery was necessitated by his fall.

In *Guevara v. Ferrer*, 247 S.W.3d 662, 663 (Tex. 2007), the Texas Supreme Court concluded that "expert medical evidence is required to prove causation unless competent evidence supports a finding that the conditions in question, the causal relationship between the conditions and the accident, and the necessity of the particular medical treatments for the conditions are within the common knowledge and experience of laypersons." It also observed that expert testimony on causation is not required in limited circumstances when "both the occurrence and conditions complained of are such that the general experience and common sense of laypersons are

9

sufficient to evaluate the conditions and whether they were probably caused by the occurrence." *Guevara*, 247 S.W.3d at 667-68; *W.C. LaRock, D.C., P.C. v. Smith*, 310 S.W.3d 48, 58-59 (Tex.App. – El Paso 2010, no pet.).

Here, however, the necessity of the particular medical treatments for Diez' neck condition is not within the common knowledge and experience of laypersons. *See Guevara*, 247 S.W.3d at 663. Nor does temporal proximity alone, that is, the time between an event and a plaintiff's condition, meet standards of scientific reliability or, by itself, support an inference of medical causation. *Guevara*, 247 S.W.3d at 667. Diez' own lay witness testimony that he fell, experienced a sore neck, and later had neck surgery merely raises a suspicion that the event caused his neck injury. *Id*. at 668 (evidence of an event followed closely by manifestation of or treatment for conditions which did not appear before the event raises suspicion that the event at issue caused the condition). The Supreme Court has observed that suspicion is not legally sufficient to support a finding of causation. *See Guevara,* 247 S.W.3d at 668; *Western Investments, Inc. v. Urena,* 162 S.W.3d 547, 551 (Tex. 2005)(proximate causation cannot be shown through conjecture, guess, or speculation); *W.C. LaRock, D.C., P.C. v. Smith*, 310 S.W.3d at 59; *see also IHS Cedars Treatment Ctr. of DeSoto, Texas, Inc. v. Mason*, 143 S.W.3d 794, 799 (Tex. 2004)(in negligence case, cause-in-fact not established where defendant's negligence did no more than furnish condition which made the injury possible). When evidence is so weak as to do no more than create a surmise or suspicion of the matter to be proved, the evidence is "no more than a scintilla and, in legal effect, is no evidence." *Ford Motor Co.,* 135 S.W.3d at 601.

Because Diez failed to produce more than a scintilla of competent evidence on the element of cause-in-fact, the trial court did not err in granting its no-evidence summary judgment in favor

of Alaska.   Consequently, we need not address Diez' remaining summary judgment complaints.

*See* TEX. R. CIV. P. 166a(c), (d), (i); *East Hill Marine, Inc.*, 229 S.W.3d at 816.   Issues Two,

Three, and Four are overruled.

## CONCLUSION

The trial court's judgment is affirmed.


YVONNE T. RODRIGUEZ, Justice

January 7, 2015

Before Rivera, J., Rodriguez, J., and Barajas, C.J. (Senior Judge)
Rivera, J., not participating
Barajas, C.J. (Senior Judge), sitting by assignment